UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**LATASHA RODGERS**                          **CIVIL ACTION**

**VERSUS**                                    **CASE NO. 16-16303**

**MARLIN GUSMAN, et al.**                    **SECTION: "G" (3)**

## ORDER

In this litigation, Plaintiff Latasha Rodgers, Tutrix ("Plaintiff"), on behalf of her minor child CJTJ, alleges that Defendants Orleans Parish Prison, Sheriff Marlin Gusman, the City of New Orleans (the "City"), Mayor Mitch Landrieu, the New Orleans City Council, and certain unidentified parties acting under the authority of the Orleans Parish Prison, subjected CJTJ's father ("Decedent"), a pretrial detainee at the Orleans Parish Prison, to excessive force, assaulted and battered Decedent, and acted with deliberate indifference to his medical needs, resulting in Decedent's death, in violation of his and Plaintiff's constitutional rights under the Fourth, Eighth, and Fourteenth Amendments, and Louisiana law.[1] Pending before the Court is Defendants Mayor Mitch Landrieu and the New Orleans City Council's (collectively, "Defendants") "Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim."[2]

---

[1] Rec. Doc. 1 at 1–4.

[2] Rec. Doc. 12.

1

Having considered the motion, the memoranda in support and opposition, the complaint, and the applicable law, the Court will deny the motion without prejudice and grant Plaintiff leave to amend her complaint.

## I. Background

*A.  Factual Background*

In the complaint, Plaintiff avers that on September 24, 2015, Decedent was a pretrial detainee at the Orleans Parish Prison (the "Prison"). Plaintiff additionally avers that Decedent had been diagnosed with Sickle Cell Disease and Hepatitis C, which was "verified by OPP[3] medical intake form."[4] Plaintiff alleges that since October 2015, Decedent had experienced leg pain and medical complications in the chest and abdomen.[5] According to Plaintiff, however, OPP failed to provide him with his medication or take him to the hospital.[6] In addition, Plaintiff alleges that on October 3, 2015, Decedent was attacked and stabbed in the arm by an inmate, and on another occasion, Decedent was choked by a security guard.[7] Plaintiff avers that on neither occasion was Defendant taken to the hospital.[8]

On November 11, 2015, according to Plaintiff, Decedent experienced a severe sickle cell pain crisis in his abdomen and lower extremity, chest, back, and left leg, but was not taken to the

---

[3] Although Plaintiff does not define "OPP," the Court assumes OPP refers to Orleans Parish Prison.

[4] Rec. Doc. 1 at 4.

[5] *Id.*

[6] *Id.*

[7] *Id.*

[8] *Id.*

2

hospital until the next day on November 12, 2016.[9] While Decedent was at University Medical Center, Plaintiff avers, his condition worsened—he became diaphoretic and unresponsive, had problems breathing, and on November 15, 2016, died.[10] Plaintiff alleges that Defendants' conduct demonstrates a "wanton disregard" for Decedent's "serious medical needs."[11]

Plaintiff alleges that Defendants, acting as decisionmakers, maintained, enforced, tolerated, permitted, acquiesced in, and applied policies, practices, or customs and usages that violated the constitutional rights of Decedent and Plaintiff.[12] Specifically, Plaintiff alleges that Defendants violated the Constitution by (1) allowing their deputies to abandon their obligations to protect the people in their direct custody from harm; (2) having a policy, practice, or custom of intentionally suspending, or failing to provide, medication to Decedent; (3) ignoring Decedent's complaint for medical assistance, thereby allowing his severe medical crises to worsen; (4) having deficient staffing, security policies and practices, and inadequate medical treatment; (5) subjecting inmates to unreasonable uses of force against their persons; (6) selecting, retaining, and assigning employees with demonstrable propensities for excess force, violence, and negligence, and other misconduct; (7) failing to train and supervise employees in how to properly administer medication and care for the people in their custody; and (8) condoning and encouraging officers in the belief that they can violate the rights of persons such as Decedent with impunity, and that such conduct will not adversely affect their opportunities for promotion and other employment benefits.[13]

---

[9] *Id.*

[10] *Id.*

[11] *Id.*

[12] *Id.*

[13] *Id.* at 5.

Plaintiffs allege that Defendants' conduct constitutes a pattern of constitutional violations based on either a deliberate plan by Defendants, or Defendants' deliberate indifference, gross negligence, or reckless disregard for the safety, security, and rights of Plaintiff and Decedent.[14] Plaintiff claims that as a result of Defendants' conduct, CJTJ lost Decedent's love, comfort, society, consortium, care, affection, support, and enjoyment of life, and has sustained emotional distress.[15]

## B.  *Procedural Background*

Plaintiff filed a complaint on November 10, 2016.[16] On December 12, 2016, Defendant Marlin Gusman filed an answer to the complaint.[17] On February 6, 2017, the Court granted Defendant Orleans Parish Sheriff Office's motion to dismiss[18] all claims against it, filed on December 12, 2016.[19] On March 27, 2017, Defendants filed the instant motion.[20] On April 17, 2017, Plaintiff filed a response to Defendants' motion. On March 21, 2017, with leave of Court, Defendants filed a reply.

---

[14] *Id*. at 5–6.

[15] *Id*. at 6.

[16] Rec. Doc. 1.

[17] Rec. Doc. 4.

[18] Rec. Doc. 5.

[19] Rec. Doc. 7.

[20] Rec. Doc. 12.

## II. Parties' Arguments

### A.     *Defendant's Motion to Dismiss*

In support of the motion to dismiss, Defendants argue that Plaintiff's complaint does not state a valid claim against Defendants because it contains no specific allegations of misconduct by any of the Defendants, only misconduct by actors over whom Defendants have no control or authority.[21] Defendants argue that the Orleans Parish Sheriff (the "Sheriff"), not Defendants, exercises sole legal authority and control over operation of the Prison and its employees.[22] Defendants argue that Plaintiffs impermissibly "lump[ed] all defendants together" and "lodge[d] accusations and legal conclusions against them," collectively.[23] Defendants further argue that Plaintiff has not pled sufficient facts to satisfy each element of any one of her claims.[24]

First, Defendants argue that Plaintiff has failed to state a claim pursuant to 42 U.S.C. § 1983 because "simply naming a municipal defendant is not sufficient to be the foundation of a plausible claim" under *Monell v. Department of Social Services*.[25] Defendants allege that under *Monell*, they can only be liable under Section 1983 if they had a "policy or custom" that "caused the alleged constitutional deprivation."[26] According to Defendants, Section 1983 allows municipal liability only when three requirements are met: (1) the municipality had a policy or custom that led to the constitutional deprivation; (2) that policy was the moving force that actually caused the violation;

---

[21] Rec. Doc. 12-1 at 1.

[22] *Id.* at 1–2.

[23] *Id.* at 2.

[24] *Id.* at 2–3.

[25] *Id.* at 5 (citing *Jones v. Spencer*, No. 16-1745, 2016 WL 6574162, at *6 (E.D. La. Oct. 5, 2016), *report and recommendation adopted*, No. 16-1745, 2016 WL 6563401 (E.D. La. Nov. 4, 2016)).

[26] *Id.* (citing *Monell v. Dept't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978)).

and (3) a municipal policymaker either authorized or had actual or constructive knowledge of the unconstitutional policy or custom.[27] Defendants assert that Plaintiff has not sufficiently alleged that a "policy" exists, that Defendants' conduct was the "moving force" behind any violation, or that Defendants had actual or constructive knowledge, which is Plaintiff's burden to prove.[28]

Second, Defendants argue that Plaintiff's claims rely entirely on the conduct of prison guards and medical personnel at the Prison. Accordingly, Defendants argue, they can only be liable if they have some responsibility for the conduct of the prison personnel at issue.[29] Defendants assert that the sole authority over the operations of the Prison and its personnel rests with the Orleans Parish Sheriff, "which is an independent political entity."[30] According to Defendants, Louisiana law requires the City to pay the salary of the sheriff, his deputies, and other staff, but gives the City no power to direct their conduct.[31] Moreover, Defendants assert, the Sheriff has sole policymaking authority over the Prison.[32] Thus, Defendants argue, because they are not responsible for developing policy or training employees at the Prison, they cannot be held liable for any unconstitutional activity that takes place at the Prison.[33] In addition, Defendants argue that the Eastern District of Louisiana has consistently held in previous cases that local governments are

---

[27] *Id*.

[28] *Id*. at 6–7.

[29] *Id*. at 7 (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986); *Connick v. Thompson*, 563 U.S. 51, 61, (2011)).

[30] *Id*. at 8.

[31] *Id*.

[32] *Id*.

[33] *Id*. at 9.

6

under no legal duty to patrol and correct the unconstitutional practices of separate, distinct political entities.[34]

Last, Defendants argue that Plaintiff's state law claims should also be dismissed because Defendants are not legally responsible for the conduct of prison personnel. Therefore, according to Defendants, Defendants could not have breached a duty of care toward Decedent, and Defendants cannot be held liable under a theory of *respondeat superior*.[35] Likewise, Defendants aver that Louisiana courts have consistently found that parishes, and the City in particular, are not vicariously liable for the actions of personnel at parish prisons who are under the control of the parish sheriff.[36] According to Defendants, under Louisiana law, the Sheriff has sole control over the Prison's policy, operations, and employee management.[37] Accordingly, Defendants argue that Plaintiff's state claims should be dismissed.

### B. *Plaintiff's Response to Defendant's Motion to Dismiss*

In response to Defendant's motion to dismiss, Plaintiff argues that her theory of liability "is not a species of *Monell* liability, but responsibility based on the City's habitual underfunding of the jail."[38] Specifically, Plaintiffs argue that "had the City properly funded jail operations, there would have been more competent jail personnel who would not have committed the acts alleged

---

[34] *Id*. at 10–11 (citing *Jones v. St. Tammany Parish Jail*, 4 F. Supp. 2d 606, 613 (E.D. La. 1998)).

[35] *Id*. at 11.

[36] *Id*. (citing *Nall v. Parish of Iberville*, 542 So. 2d 145, 148–49 (La. App. 1 Cir. 1/11/89); *Vance v. Orleans Parish Criminal Sheriff's Dep't*, 483 So. 2d 1178, 1179 (La. App. 4 Cir. 2/14/86)).

[37] *Id*. (citing *Broussard v. Foti*, No. 00-2318, 2001 WL 25855, at *2 (E.D. La. Mar. 14, 2001); *Vance*, 483 So. 2d at 1180).

[38] Rec. Doc. 14 at 3.

7

in the complaint."[39] Plaintiffs assert that because the City is required by state law to fund the jail, it is a decisionmaker to the extent it determines the amount of funding to provide.[40] Nevertheless, Plaintiff acknowledges that the complaint does not fully articulate this theory of liability and requests leave of court to amend the complaint.[41]

## C. *Defendants' Reply*

Defendants argue that amendment of Plaintiff's complaint to include the allegations regarding the City's underfunding of the Prison would be futile.[42] In particular, Defendants argue that the only available federal claim against the City Defendants for policymaking is a Section 1983 *Monell* claim. Without citing any authority, Defendants further argue that an allegation of underfunding would be insufficient to support such a claim because the Eastern District of Louisiana has held that funding the Prison does not render the City liable for constitutional harms that occur at the Prison, which is under the sole authority of the Orleans Parish Sheriff.[43] Defendants assert that the City's level of funding the jail was not the direct cause of any constitutional deprivations, and Plaintiff cannot prove any fact demonstrating that additional funding from the City would have caused prison personnel to act any differently in this case.[44] Accordingly, Defendants argue that the motion to dismiss should be granted and Plaintiff's request for leave to amend the complaint should be denied.

---

[39] *Id*. at 3–4.

[40] *Id*. at 4.

[41] *Id*.

[42] Rec. Doc. 21 at 1–2.

[43] *Id*. at 3.

[44] *Id*. at 3–4.

### III. Law and Analysis

*A.     Legal Standard on Motion to Dismiss*

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed "for failure to state a claim upon which relief can be granted."[45] A motion to dismiss for failure to state a claim is "viewed with disfavor and is rarely granted."[46] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"[47] "Factual allegations must be enough to raise a right to relief above the speculative level."[48] A claim is facially plausible when the plaintiff has pleaded facts that allow the court to "draw a reasonable inference that the defendant is liable for the misconduct alleged."[49]

On a motion to dismiss, asserted claims are liberally construed in favor of the claimant, and all facts pleaded are taken as true.[50] However, although required to accept all "well-pleaded facts" as true, a court is not required to accept legal conclusions as true.[51] "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."[52] Similarly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

---

[45] Fed. R. Civ. P. 12(b)(6).

[46] *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).

[47] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2008)).

[48] *Twombly*, 550 U.S. at 556.

[49] *Id.* at 570.

[50] *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322–23 (2007).

[51] *Iqbal*, 556 U.S. at 677–78.

[52] *Id.* at 679.

statements" will not suffice.[53] The complaint need not contain detailed factual allegations, but it must offer more than mere labels, legal conclusions, or formulaic recitations of the elements of a cause of action.[54] That is, the complaint must offer more than an "unadorned, the defendant-unlawfully-harmed-me accusation."[55] From the face of the complaint, there must be enough factual matter to raise a reasonable expectation that discovery will reveal evidence as to each element of the asserted claims.[56] If factual allegations are insufficient to raise a right to relief above the speculative level, or if it is apparent from the face of the complaint that there is an "insuperable" bar to relief, the claim must be dismissed.[57]

## B. *Analysis*

In the motion to dismiss, Defendants argue that Plaintiff's allegations relate exclusively to the conduct of the Prison officials and medical staff at the prison, over which Defendants exercise no control or authority as a matter of law, and therefore, Plaintiff has failed to state a claim against Defendants upon which relief can be granted. Plaintiff argues in the complaint that Defendants, acting as decisionmakers, acted with deliberate indifference, gross negligence, and reckless disregard for the safety and security of the Decedent, resulting in the wrongful death of Decedent.

42 U.S.C. § 1983 provides that every "person" who, under color of any statute, ordinance, regulation, custom, or usage of any State subjects, or "causes to be subjected," any person to the deprivation of any federally protected rights, privileges, or immunities shall be civilly liable to the

---

[53] *Id.* at 678.

[54] *Id.*

[55] *Id.*

[56] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009).

[57] *Carbe v. Lappin*, 492 F.3d 325, 328 n.9 (5th Cir. 2007); *Moore v. Metro. Human Serv. Dep't*, No. 09-6470, 2010 WL 1462224, at * 2 (E.D. La. Apr. 8, 2010) (Vance, J.) (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)).

injured party. The Supreme Court held in *Monell* that Section 1983 "unquestionably was intended to provide a remedy, to be broadly construed, against all forms of official violation of federally protected rights:"[58]

> Local governing bodies (and local officials sued in their official capacities) can . . . be sued directly under § 1983 for monetary, declaratory, and injunctive relief in those situations where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted or promulgated by those whose edicts or acts may fairly be said to represent official policy.[59]

"In addition, local governments . . . may be sued for constitutional deprivations visited pursuant to governmental 'custom;'" such custom need not have received "formal approval through the government's official decision-making channels."[60]

However, a municipality cannot be held liable "*solely* because it employs a tort-feasor—or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory."[61] According to the Fifth Circuit, "municipal liability under section 1983 requires proof of three elements: a policymaker; an official policy; and a violation of constitutional rights whose "moving force" is the policy or custom."[62] Furthermore, "[a]ctual or constructive knowledge of a custom must be attributable to the governing body of the municipality or to an official to whom that body has delegated policy-making authority."[63]

---

[58] *Monell*, 436 U.S. at 660.

[59] *Id*.

[60] *Id*. at 659.

[61] *Id*. at 691.

[62] *Piotrowski v. City of Houston*, 237 F.3d 7, 578 (5th Cir. 2001).

[63] *Id*. at 579 (citing *Webster v. City of Houston*, 735 F.2d 838, 842 (5th Cir. 1984) (en banc)).

Plaintiff does not allege that an official policy existed that resulted in a violation of the constitutional rights of Decedent. Rather, Plaintiff claims that Defendants were "decisionmaker[s]," who acted "with deliberate indifference, gross negligence, and reckless disregard to the safety, security, and constitutional rights of Decedent" and "maintained, enforced, tolerated, permitted, acquiesced, and applied policies, practices, or customs and usages by:" (1) allowing their deputies to abandon their obligations to protect the people in their direct custody from harm; (2) having a policy, practice, or custom of intentionally suspending, or failing to provide, medication to Decedent; (3) ignoring Decedent's complaint for medical assistance, thereby allowing his severe medical crises to worsen; (4) having deficient staffing, security policies and practices, and inadequate medical treatment; (5) subjecting inmates to unreasonable uses of force against their persons; (6) selecting, retaining, and assigning employees with demonstrable propensities for excess force, violence, and negligence, and other misconduct; (7) failing to train and supervise employees in how to properly administer medication and care for the people in their custody; and (8) condoning and encouraging officers in the belief that they can violate the rights of persons such as Decedent with impunity, and that such conduct will not adversely affect their opportunities for promotion and other employment benefits.[64]

Each of Plaintiff's factual allegations appear to relate to actions taken by prison officials and medical personnel at the Prison. Moreover, Plaintiff fails to allege facts that, taken as true, identify actions carried out by Defendants that would give rise to liability for Defendants. As stated previously, a claim is facially plausible when the plaintiff has pleaded facts that allow the court to

---

[64] Rec. Doc 1 at 5.

"draw a reasonable inference that the *defendant* is liable for the misconduct alleged."[65] To the extent Defendants may be liable for conduct performed by prison officials and medical personnel at the Prison, Plaintiffs have not alleged any such facts. Plaintiffs state that Defendants "applied policies, practices, or customs" in relation to the alleged misconduct; but "mere conclusory statements" will not suffice to state a claim.[66] Plaintiff does not allege with any specificity which, if any, policies, practices, or customs Defendants applied resulted in a violation of Decedent's constitutional rights, or how any such policies, practices, or customs constituted the "moving force" of the violation. In addition, Plaintiff alleges that Defendants were decisionmakers, but does not articulate how each Defendant is "a municipal policymaker who could be held responsible, through actual or constructive knowledge."[67] The complaint need not contain detailed factual allegations, but it must offer more than mere labels, legal conclusions, or formulaic recitations of the elements of a cause of action.[68] Accordingly, Plaintiff has not stated a claim pursuant to Section 1983 against Defendants in the complaint upon which relief can be granted.

Plaintiff also asserts that Defendants are liable for violating the Louisiana Civil Code Article 2315. Article 2315 states, "Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it," and that "[d]amages may include loss of consortium, service, and society, and shall be recoverable by the same respective categories of persons who would have had a cause of action for wrongful death of an injured person." Louisiana

---

[65] *Twombly*, 550 U.S. at 570 (emphasis added).

[66] Iqbal, 556 U.S. at 678.

[67] *Piotrowski*, 237 F.3d at 578-79.

[68] Iqbal, 556 U.S. at 678.

courts use the duty-risk analysis to determine recovery under Article 2315.[69] "For liability to attach under the duty-risk analysis, the plaintiff must prove that the conduct in question was a cause-in-fact of the resulting harm or damages, the defendant owed a duty of care to the plaintiff, the requisite duty was breached by the defendant, and the risk of harm was within the scope of protection afforded by the duty breached."[70]

Plaintiff alleges that Defendant owed Decedent and Plaintiff "a duty of due care," and "that duty was breached in that defendants' negligence and failure to exercise due care in dealing with the decedent and caring for his medical needs proximately caused his death."[71] Plaintiffs further assert that "Defendants acted with deliberate indifference to the Decedent's medical needs."[72] As stated previously, legal conclusions will not suffice to state a claim upon which relief can be granted.[73] Plaintiff does not allege why any or all Defendants owed a duty of care to Decedent, or how that duty was breached by Defendant, *i.e.*, what actions taken by Defendant constituted negligence or deliberate indifference. Thus, Plaintiffs have failed to state a claim against Defendants pursuant to Article 2315 upon which relief can be granted.

Last, Plaintiffs assert that Defendants are liable for assault and battery against the Decedent. The Louisiana Supreme Court has stated, "A harmful or offensive contact with a person, resulting from an act intended to cause the plaintiff to suffer such a contact, is a battery."[74] An

---

[69] *Brown v. City of Monroe*, 48,764 (La. App. 2 Cir. 2/26/14); 135 So. 3d 792, 796 (citing *Barrino v. East Baton Rouge Parish School Bd.*, 96–1824 (La.App.1st Cir.06/20/97); 697 So.2d 27)).

[70] Iqbal, 556 U.S. at 678.

[71] Rec. Doc. 1 at 10.

[72] *Id.*

[73] *Iqbal*, 556 U.S. at 678.

[74] *Caudle v. Betts*, 512 So. 2d 389, 391 (La. 1987).

actor is subject to liability to another for assault if the actor intends to cause and does cause the other to anticipate an imminent, and harmful or offensive, contact with his or her person, and the other does not effectively consent to the otherwise tortious conduct of the actor.[75] Plaintiff does not allege that any of the Defendants made harmful or offensive contact with the Decedent, or intended and caused the Decedent to anticipate harmful or offensive contact. Furthermore, Louisiana courts have held that "a municipality is not liable for damages sustained by a third person because of the torts committed by its police officers while discharging their official duties."[76] Specifically, in *Brown v. City of Shreveport*, the Second Circuit Court of Appeal of Louisiana held that the City of Shreveport was not liable for a battery that took place against the plaintiff while being held in the city jail allegedly caused in part by the negligence of the jailor and police officers.[77] Accordingly, Plaintiff's claim that Defendants assaulted and battered Decedent is not "supported by factual allegations."[78] As, "[t]hreadbare recitals of the elements of a cause of action" will not suffice, Plaintiffs have failed to state a claim against Defendants for assault and battery upon which relief can be granted.[79]

To the extent Plaintiff asserts claims for Defendants' conduct in violation of the constitutional rights of "the complainant and all persons similarly situated," Plaintiff fails to state

---

[75] RESTATEMENT (THIRD) TORTS: INTEN. TORTS TO PERSONS § 105 (Am. Law. Inst., 2015).

[76] *Brown v. City of Shreveport*, 129 So. 2d 540, 541 (La. Ct. App. 1961) (citing *Martin v. Magee*, 179 La. 913 (La. 1934); *Rush v. Town of Farmerville*, 156 La. 857 (La. 1924); *Joliff v. City of Shreveport*, 144 La. 62 (La. 1918); *542 *Jones v. City of New Orleans*, 143 La. 1073 (La. 1918); *Taulli v. Gregory*, 223 La. 195 (1953).

[77] *Id*.

[78] *Iqbal*, 556 U.S. at 679.

[79] *Id.* at 678.

any claims upon which relief can be granted.[80] As stated previously, a claim is facially plausible when the plaintiff has pleaded facts that allow the court to "draw a reasonable inference that the defendant is liable for the misconduct alleged."[81] Plaintiff does not assert any facts regarding the violation of any constitutional rights held by Plaintiff (the complainant), and Plaintiff is not entitled to assert claims on behalf of "all persons similarly situated," for which no plausible claim against Defendants exists.

Therefore, because the complaint does not contain sufficient factual allegations as to Defendants' liability for the alleged misconduct, Plaintiff has failed to assert any claims upon which relief can be granted. However, dismissal is a harsh remedy, and the Court is cognizant of the Fifth Circuit's instruction that a motion to dismiss under Rule 12(b)(6) "is viewed with disfavor and is rarely granted."[82] In Plaintiff's response, Plaintiff indicates that the "original complaint does not fully articulate [the] theory of liability" that Plaintiff intends to pursue against Defendants, specifically, that Defendants' liability arises from "the City's habitual underfunding of the jail."

If it is apparent from the face of the complaint that there is an "insuperable" bar to relief, the claim must be dismissed. Although Defendants argue that as a matter of law, they cannot be held liable for merely funding the Prison, Defendants fail to cite any law in support of this proposition.[83] Defendants also fail to address the distinction, if any, between a bar against liability arising from municipal funding of a prison alone, and liability arising from a municipality's failure

---

[80] Rec. Doc. 1 at 4–5.

[81] *Id.* at 570.

[82] *Beanal v. Freeport–McMoran, Inc.*, 197 F.3d 161, 164 (5th Cir.1999).

[83] Rec. Doc. 21 at 3.

to fund, or underfunding of, a prison. Short of granting a motion to dismiss, a court may grant a plaintiff leave to amend her complaint.[84]

### IV. Conclusion

Based on the foregoing, the Court has determined that Plaintiff has not stated a claim pursuant to 42 U.S.C. § 1983 or Louisiana Civil Code Article 2315, or for assault and battery, against Defendants. Rather than dismiss Plaintiff's claims at this time, the Court will grant Plaintiff leave to amend the complaint. If upon amendment, Plaintiff fails to provide sufficient factual support for each element of each claim, upon motion by a party, the Court will dismiss the claims.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim[85] is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff is granted leave to amend her complaint within thirty days of this Order to cure the deficiencies noted, if possible.

**NEW ORLEANS, LOUISIANA,** this 16th day of October, 2017.

_____
**NANNETTE JOLIVETTE BROWN
UNITED STATES DISTRICT JUDGE**

---

[84] *See Carroll v. Fort James Corp.*, 470 F.3d 1171, 1175 (5th Cir.2006) (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597–98 (5th Cir.1981)).

[85] Rec. Doc. 12.