UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LATASHA RODGERS** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 16-16303** |
| **MARLIN GUSMAN, et al.** | **SECTION: "G" (3)** |

## ORDER AND REASONS

In this litigation, Plaintiff Latasha Rodgers, Tutrix ("Plaintiff"), on behalf of her minor child CJTJ, alleges that Defendants Orleans Parish Prison, Orleans Parish Sheriff Marlin Gusman ("Gusman"), the City of New Orleans (the "City"), Mayor Mitch Landrieu, the New Orleans City Council, Correct Care Solutions, LLC and certain unidentified parties acting under the authority of the Orleans Parish Prison, subjected CJTJ's father ("Decedent"), a pretrial detainee at the Orleans Parish Prison, to excessive force, assaulted and battered Decedent, and acted with deliberate indifference to his medical needs, resulting in Decedent's death, in violation of his and Plaintiff's constitutional rights under the Fourth, Eighth, and Fourteenth Amendments, and Louisiana law.[1] Pending before the Court is Gusman's "Motion for Judgment on the Pleadings Pursuant to Rule 12(c)."[2] Having considered the motion, the memoranda in support and opposition, the record, and the applicable law, the Court will deny the motion and grant Plaintiff 30 days to amend the complaint.

---

[1] Rec. Doc. 45 at 1–4.

[2] Rec. Doc. 52.

1

## I. Background

*A.     Factual Background*

In the amended complaint, Plaintiff avers that on September 24, 2015, Decedent was a pretrial detainee at the Orleans Parish Prison ("OPP").[3] Plaintiff additionally avers that Decedent had been diagnosed with Sickle Cell Disease and Hepatitis C, which was "verified by OPP medical intake form."[4] Plaintiff alleges that since October 2015, Decedent had experienced leg pain and medical complications in the chest and abdomen.[5] According to Plaintiff, however, OPP failed to provide Decedent with his medication or take him to the hospital.[6] In addition, Plaintiff alleges that on October 3, 2015, Decedent was attacked and stabbed in the arm by an inmate, and on another unidentified occasion, Decedent was choked by a security guard.[7] Plaintiff avers that Decedent was not taken to the hospital on either occasion.[8]

According to Plaintiff, Decedent experienced a severe sickle cell pain crisis in his abdomen and lower extremity, chest, back, and left leg on November 11, 2015, but was not taken to the hospital until the next day on November 12, 2016.[9] While Decedent was at University Medical Center, Plaintiff avers, his condition worsened—he became diaphoretic and unresponsive, had

---

[3] Rec. Doc. 45 at 4.

[4] *Id.*

[5] *Id*.

[6] *Id*.

[7] *Id*.

[8] *Id*.

[9] *Id*.

problems breathing, and on November 15, 2016, he died.[10] Plaintiff alleges that Defendants' conduct demonstrates a "wanton disregard" for Decedent's "serious medical needs."[11]

## B. *Procedural Background*

Plaintiff filed a complaint on November 10, 2016.[12] On December 12, 2016, Defendant Marlin Gusman filed an answer to the complaint.[13] On February 6, 2017, the Court granted Defendant Orleans Parish Sheriff Office's motion to dismiss[14] all claims against it, filed on December 12, 2016.[15] On March 27, 2017, Defendants Mayor Mitch Landrieu and the New Orleans City Council filed a motion to dismiss.[16] On October 16, 2017, the Court denied the motion to dismiss without prejudice and granted Plaintiff leave to amend the complaint to address the deficiencies noted therein.[17]

On November 17, 2017, Plaintiff filed an amended complaint.[18] In the amended complaint, Plaintiff brings the following claims: (1) a wrongful death claim under 42 U.S.C. § 1983; (2) a survival claim under 42 U.S.C. § 1983; (3) a claim for deliberate indifference under 42 U.S.C. § 1983; (4) a negligence claim under Louisiana law; and (5) an assault and battery claim.[19]

---

[10] *Id.*

[11] *Id.*

[12] Rec. Doc. 1.

[13] Rec. Doc. 4.

[14] Rec. Doc. 5.

[15] Rec. Doc. 7.

[16] Rec. Doc. 12.

[17] Rec. Doc. 31.

[18] Rec. Doc. 45.

[19] *Id.* at 6–12.

On December 5, 2017, Gusman filed the instant motion.[20] On February 2, 2018, Plaintiff filed an opposition to Gusman's motion.[21]

## II. Parties' Arguments

### A. *Gusman's Arguments in Support of Motion for Judgment on the Pleadings*

In the motion for judgment on the pleadings, Gusman seeks dismissal of Plaintiff's Section 1983 claims and Louisiana tort claims for assault and battery because Gusman contends those claims are untimely.[22] Gusman notes that Plaintiff contends that Decedent was attacked on October 3, 2015, when he was stabbed in the arm, and on another occasion when he was chocked by a security guard.[23] Gusman asserts that these claims are time-barred because the complaint was not filed until November 10, 2016, more than one year after the alleged assault and battery occurred.[24]

Gusman notes that Louisiana's one-year prescriptive period for tort actions applies to Section 1983 claims.[25] In this case, Gusman asserts that the prescriptive period for Plaintiff to bring the Section 1983 and Louisiana tort law claims for assault and battery began to accrue on October 3, 2015.[26] Because Plaintiff does not claim that the alleged attack by the inmate or the use of force by the security guard contributed to Decedent's death, Gusman argues that there is no

---

[20] Rec. Doc. 52.

[21] Rec. Doc. 72.

[22] Rec. Doc. 52-1 at 1. The instant motion is not directed at Plaintiff's claim of deliberate indifference to Decedent's medical condition.

[23] *Id*. at 1–2.

[24] *Id*. at 2.

[25] *Id*. at 3 (citing *Burge v. Parish of St. Tammany*, 996 F.2d 786 (5th Cir. 1993)).

[26] *Id*.

4

continuing tort which would extend the prescriptive period for the assault and battery claim.[27] Accordingly, Gusman asserts that the assault and battery claims should be dismissed because these claims have prescribed.[28]

### B.     *Plaintiff's Arguments in Opposition to Gusman's Motion*

In response to Gusman's motion, Plaintiff asserts that "Louisiana jurisprudence requires that courts strictly construe prescriptive statutes against finding that the case has prescribed and in favor of maintaining the cause of action."[29] Therefore, when a case is subject to two possible constructions, Plaintiff contends that "the court should adopt the construction which favors maintaining, rather than barring, the action."[30] Plaintiff asserts that "[w]here the cause of the injury is continuous one giving rise to successive damages, prescription does not begin to run until the conduct causing the damage is abated."[31] Plaintiff notes that in *Bustamento v. Tucker*, an action for intentional infliction of emotional distress resulting from sexual harassment, the Louisiana Supreme Court held that the one-year prescriptive period did not commence until the last act occurred or the conduct abated.[32]

In this case, Plaintiff contends that the October 3, 2015 incident, and the other, undated attack by a deputy, constitute a continuing tort for prescription purposes.[33] Because these incidents

---

[27] *Id.*

[28] *Id*. at 4.

[29] Rec. Doc. 72-1 at 2 (citing *Lima v. Schmidt*, 595 So. 2d 624, 629 (La. 1992); *Cichirillo v. Avondale Industries*, 04-0131 (La. App. 4 Cir. 10/27/04); 888 So. 2d 947, 950).

[30] *Id*.

[31] *Id*. at 2–3 (citing *South Central Bell Telephone Co. v. Texaco, Inc.*, 418 So. 2d 531, 533 (La. 1982)).

[32] *Id*. at 3 (citing 607 So. 2d 532, 542 (La. 1992)).

[33] *Id*.

5

were "continuous acts or conduct, were of the same nature, and the conduct became tortious by virtue of its continuous, cumulative and synergistic nature," Plaintiff contends that the acts underlying the assault and battery and Section 1983 claims are not barred by the statute of limitations.[34]

### III. Legal Standard

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."[35] "A motion brought pursuant to [Rule] 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts."[36] "The central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief."[37] On a 12(c) motion, "[p]leadings should be construed liberally," and judgment is "appropriate only if there are no disputed issues of fact and only questions of law remain."[38] Moreover, the Court "may dismiss a claim when it is clear that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief."[39] In lieu of dismissal on a motion for judgement on the pleadings, a district court may grant a plaintiff leave to amend the complaint.[40]

---

[34] *Id.*

[35] Fed. R. Civ. P. 12(c).

[36] *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir.2002) (internal citations omitted).

[37] *Id*. (internal citations omitted).

[38] *Id*. (internal citations omitted).

[39] *Id.*

[40] *Dueling v. Devon Energy Corp.*, 623 F. App'x 127 (5th Cir. 2015).

6

## IV. Analysis

Gusman argues that Plaintiff's assault and battery claims brought pursuant to Section 1983 and Louisiana law are prescribed. Specifically, Gusman asserts that Plaintiff's assault and battery claims are based on an incident that occurred on October 3, 2015, and Plaintiff filed suit more than one year later. Furthermore, Gusman contends that the continuing tort doctrine is not applicable to this case because Plaintiff does not argue that the alleged attack by the inmate or the use of force by the security guard contributed to Decedent's death. Plaintiff acknowledges that Louisiana tort claims and the Section 1983 claims have a one-year prescriptive period, and that she filed suit more than one year after the October 3, 2015 incident. However, Plaintiff contends that the October 3, 2015 incident, and the other, undated attack by a deputy, constitute a continuing tort for prescription purposes.

Federal courts must apply state statutes of limitations to claims brought under 42 U.S.C. § 1983.[41] "Although federal courts look to federal law to determine when a civil rights action accrues, state law supplies the applicable limitations period and tolling provisions."[42] A Section 1983 action generally accrues when a plaintiff "knows or has reason to know of the injury which is the basis of the action."[43] When presented with a state law claim, "federal courts apply state statutes of limitations and related state law governing tolling of the limitation period."[44]

---

[41] *See Burge v. Parish of St. Tammany*, 996 F.2d 786, 788 (5th Cir. 1993).

[42] *Harris v. Hegmann*, 198 F.3d 153, 156–57 (5th Cir. 1999).

[43] *Jackson v. Johnson*, 950 F.2d 263, 265 (5th Cir. 1992) (quoting *Burrell v. Newsome*, 883 F.2d 416, 418 (5th Cir. 1989)).

[44] *Hensgens v. Deere & Co.*, 869 F.2d 879, 880 (1989).

"[U]nder Louisiana jurisprudence, prescriptive statutes are to be strictly construed against prescription and in favor of the obligation sought to be extinguished; of two possible constructions, that which favors maintaining, as opposed to barring, an action should be adopted.[45] Louisiana Civil Code article 3492 states, "Delictual actions are subject to a liberative prescription of one year." Ordinarily, the defendant bears the burden of showing that an action has prescribed.[46] "If prescription is evident on the face of the pleadings, however, the burden shifts to the plaintiff to show that the action has not prescribed."[47]

Under the continuing tort doctrine, "[w]hen the cause of the injury is a continuous one giving rise to successive damages, prescription dates from cessation of the wrongful conduct causing the damage."[48] "The continuing tort doctrine requires both continuous tortious conduct and resulting damages."[49] Once a court finds that prescription did not commence to run on a claim until the continuous conduct abated, the court must then determine the factual issue of when the conduct abated.[50]

In *Bustamento v. Tucker*, the plaintiff alleged that her claim for intentional infliction of emotional distress based on sexual harassment in the workplace was not prescribed because the

---

[45] *Bustamento*, 607 So. 2d at 537.

[46] *Albe v. City of New Orleans*, 2014-0186 (La. App. 4 Cir. 9/17/14), 150 So. 3d 361, 366, writ denied, 2014-2166 (La. 12/8/14), 153 So. 3d 445 (citing *Spott v. Otis Elevator Co.*, 601 So. 2d 1355, 1361 (La.1992)).

[47] *Id.* (citing *Williams v. Sewerage & Water Bd. of New Orleans*, No. 92–C–1688 (La. 1/19/93), 611 So. 2d 1383, 1386).

[48] *Outdoor Sys., Inc. v. Entergy Corp.*, No. 2001-CA-0613 (La. App. 4 Cir. 12/19/01), 804 So. 2d 848, 850.

[49] *Id.*

[50] *Bustamento*, 607 So. 2d at 542 (Having found that prescription did not commence to run on Ms. Bustamento's claim until the continuous conduct abated, we must now determine the date on which such abatement occurred. Before addressing **the factual issue** of when the conduct abated . . . .").

defendant's conduct creating a hostile work environment was continuous and occurred over a period of time.[51] On appeal, the Louisiana Supreme Court reasoned that "it is the cumulation of acts and conduct, and the resulting cumulation of damages, that transforms the individual incidents of harassment into an actionable tort."[52] Therefore, the Louisiana Supreme Court held that the plaintiff's claim had not prescribed, reasoning that "when the acts or conduct are continuous on an almost daily basis, by the same actor, of the same nature, and the conduct becomes tortious and actionable because of its continuous, cumulative, synergistic nature, then prescription does not commence until the last act occurs or the conduct is abated."[53]

In this case, Plaintiff asserts that the October 3, 2015 incident, and the other, undated attack by a deputy, were "continuous acts or conduct, were of the same nature, and the conduct became tortious by virtue of its continuous, cumulative and synergistic nature."[54] Gusman contends that the continuing tort doctrine is not applicable to this case because Plaintiff does not argue that the alleged attack by the inmate or the use of force by the security guard contributed to Decedent's death.[55] Plaintiff pleads no facts to show how the alleged attack by the inmate or the use of force by the security officer were of a continuous, cumulative, synergistic nature such that they ultimately culminated in Decedent's death. However, after the briefing was filed on the instant motion, the parties filed a motion to continue trial, asserting that a continuance was necessary because they had recently learned that autopsy materials from the Decedent's autopsy, which they

---

[51] *Id.*

[52] *Id.* at 541.

[53] *Id.* at 542.

[54] Rec. Doc. 72-1 at 3.

[55] Rec. Doc. 52-1 at 3.

9

previously believed was unavailable, may still exist.[56] As this additional evidence may shed light on the cause of Decedent's death and the applicability of the continuing tort doctrine, it is not clear that Plaintiff can prove no set of facts in support of this claim. Therefore, judgment on the pleadings is not appropriate, and the Court will instead grant Plaintiff leave to amend the complaint.

Accordingly,

**IT IS HEREBY ORDERED** that Gusman's "Motion for Judgment on the Pleadings Pursuant to Rule 12(c)"[57] is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff is granted leave to amend her complaint within thirty days of this Order to cure the deficiencies noted, if possible.

**NEW ORLEANS, LOUISIANA,** this 18th day of July, 2018.

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[56] Rec. Doc. 104.

[57] Rec. Doc. 52.