# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LATASHA RODGERS, ON BEHALF OF HER MINOR CHILD CJTJ | CIVIL ACTION |
| VERSUS | NO. 16-16303 |
| SHERIFF MARLIN GUSMAN, ET AL. | SECTION: "G" (3) |

## ORDER

In this litigation, Plaintiff Latasha Rodgers, Tutrix ("Plaintiff"), on behalf of her minor child CJTJ, alleges that Defendants Orleans Parish Prison, Sheriff Marlin Gusman, the City of New Orleans, Mayor Mitch Landrieu, the New Orleans City Council, Correct Care Solutions, LLC ("CCS") and certain unidentified parties acting under the authority of the Orleans Parish Prison, subjected CJTJ's father ("Decedent"), a pretrial detainee at the Orleans Parish Prison, to excessive force, assaulted and battered Decedent, and acted with deliberate indifference to his medical needs, resulting in Decedent's death, in violation of his and Plaintiff's constitutional rights under the Fourth, Eighth, and Fourteenth Amendments, and Louisiana law.[1] Before the Court is CCS' "Motion to Dismiss."[2]

On March 7, 2018, Defendant CCS filed a motion to dismiss, arguing that Plaintiff failed to state a claim because: (1) Plaintiff did not identify a policy, procedure or practice as required under 42 U.S.C. § 1983; (2) Plaintiff's claims do not rise to a level of deliberate indifference; and

---

[1] Rec. Doc. 143 at 1–5.

[2] Rec. Doc. 120.

1

(3) Plaintiff failed to show the breach of any duty by CCS.[3] On July 18, 2018, the Court denied the motion to dismiss without prejudice. The Court concluded that Plaintiff had not stated a claim pursuant to 42 U.S.C. § 1983 or Louisiana Civil Code Article 2315 against CCS.[4] However, the Court noted that the parties had recently learned that autopsy materials from Decedent's autopsy, which the parties previously believed were unavailable, may still exist and could shed light on the cause of Decedent's death and any potential liability by CCS.[5] Therefore, rather than dismissing Plaintiff's claims against CCS at that time, the Court granted Plaintiff leave to amend the complaint by August 17, 2018.[6]

On August 17, 2018, Plaintiff filed a motion for an extension of time to amend the complaint, arguing that she was still unable to obtain the autopsy records.[7] On August 22, 2018, Defendant CCS filed the instant motion to dismiss based on Plaintiff's failure to amend the complaint.[8] On August 28, 2018, Magistrate Judge Knowles denied Plaintiff's motion for an extension to amend.[9] On September 6, 2018, Plaintiff filed an opposition to the motion to dismiss, requesting additional time to obtain the autopsy materials from the Orleans Parish Coroner's Office in order to adequately respond to the motion to dismiss.[10]

---

[3] Rec. Doc. 89.

[4] Rec. Doc. 110 at 18.

[5] *Id.* at 17.

[6] *Id.* at 18.

[7] Rec. Doc. 112.

[8] Rec. Doc. 120.

[9] Rec. Doc. 124.

[10] Rec. Doc. 125.

On December 21, 2018, the Court held a hearing regarding an Order to Show Cause why Plaintiff's counsel should not be sanctioned for her failure to diligently litigate this matter.[11] At the hearing, Plaintiff's counsel stated that she received microscopic slides and tissue samples from the Orleans Parish Coroner's Office in September 2018 and that she intended to seek leave of Court to file an amended complaint based on this information.[12] The Court granted Plaintiff leave to amend the complaint within seven days of the December 19, 2018 hearing.[13] On December 26, 2018, Plaintiff filed a second amended complaint.[14]

Courts vary in how they proceed when a plaintiff files an amended complaint while a Rule 12(b)(6) motion is still pending.[15] Many district courts—including this Court—routinely deny as moot motions to dismiss that are filed prior to an amendment of a complaint.[16] Although courts may address the merits of a motion to dismiss even after an amended complaint is filed, as a general

---

[11] Rec. Doc. 142.

[12] *Id.*

[13] Rec. Doc. 142.

[14] Rec. Doc. 143.

[15] 1 Steven S. Gensler, *Federal Rules of Civil Procedure, Rules and Commentary Rule 15*.

[16] *See Athletic Training Innovations, LLC v. eTagz, inc.,* No. 12-2540, 2013 WL 360570, at *3 (E.D. La. Jan. 30, 2013) (Brown, J.); *see also, e.g., Lee v. Ability Ins. Co.*, No. 12-17, 2012 WL 3186270, at *1 (S.D. Miss. Aug. 3, 2012) ("The Court finds that it would be impractical and unwise to proceed further on the Motion to Dismiss since it challenges the original Complaint, which is no longer the operative pleading."); *Abb, Inc, v. Reed City Power Line Supply Co.*, 2007 WL 2713731, at *1 (W.D. Mich. Sept. 18, 2007) ("Because the original complaint has been superseded and nullified, there is no longer a live dispute about the propriety or merit of the claims asserted therein; therefore, any motion to dismiss such claims is moot."); *Calloway v. Green Tree Servicing, LLC*, 559 F. Supp. 2d 543, 546 (D. Del. 2009) ("As the amended complaint has superseded the original, defendant's motion to dismiss has become moot."). *But see Illiano v. Mineola Union Free Sch. Dist.*, 585 F. Supp. 2d 341, 349 (E.D.N.Y. 2008) ("'When a plaintiff amends its complaint while a motion to dismiss is pending' the court may 'den[y] the motion as moot [or] consider[ ] the merits of the motion in light of the amended complaint.'") (quoting *Roller Bearing Co. of Am., Inc. v. Am. Software, Inc.*, 570 F. Supp. 2d 376, 384 (D. Conn. 2008)); *Patton Elec. Co., Inc, v. Rampart Air, Inc.*, 777 F. Supp. 704, 713 (N.D. Ind. 1991) ("If some of the defects raised in the original motion remain in the new pleading, the court simply may consider the motion as being addressed to the amended pleading.") (quoting 6 Wright, Miller & Kane, *Federal Practice and Procedure*, § 1476 at 556–58 (2d ed. 1990)).

rule, "if applying the pending motion to the amended complaint would cause confusion or detract from the efficient resolution of the issues, then it makes sense to require the defendant to file a new motion specifically addressing the amended complaint."[17] Here, the amended complaint makes additional allegations regarding the policy and practice of CCS, the deliberate indifference of CCS, and CCS' alleged breach of a duty to Decedent.[18] Therefore, the Court concludes that applying the pending motion to the amended complaint would cause confusion and detract from the efficient resolution of the issues. Accordingly,

**IT IS HEREBY ORDERED** that "Motion to Dismiss"[19] is **DENIED AS MOOT**.

**NEW ORLEANS, LOUISIANA**, this 14th day of January, 2019.

 

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[17] 1 Steven S. Gensler, *Federal Rules of Civil Procedure, Rules and Commentary Rule 15*.

[18] Rec. Doc. 143 at 5–10.

[19] Rec. Doc. 120.

4