UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LATASHA RODGERS TUTRIX<br>ON BEHALF OF HER MINOR<br>CHILD CJTJ | CIVIL ACTION NO. 16-16303 |
| VERSUS | JUDGE NANETTE JOLIVETTE BROWN |
| MARLIN N. GUSMAN, ET AL. | MAGISTRATE JUDGE:<br>    DANIEL E. KNOWLES, III |

## JOINT STATUS REPORT

The parties hereby jointly file the following status report per the Court's scheduling order (Doc. R. 109):

1.    A listing of all the parties and counsel who represent the parties:

**Counsel for Plaintiff, Latasha Rodgers, Tutrix on Behalf of Her Minor Child.**

Carol D. Powell Lexing
Law Office of Carol D. Powell Lexing and Associates (PLLC)
2485 Tower Drive, Suite 6
Monroe, Louisiana 71201

**Counsel for Defendant, Correct Care Solutions, LLC ("CCS")**

Carl E. Hellmers, III (25705)
D. Burke Stough (36688)
Frilot LLC
1100 Poydras Street, Suite 3700
New Orleans, LA 70115

**Counsel for Defendant, Sheriff Marlin N. Gusman**

Freeman R. Matthews
1615 Poydras Street, Suite 1250
New Orleans, LA 70012

**Counsel for Defendants City of New Orleans, Mayor LaToya Cantrell in her official capacity, and the New Orleans City Council in their official capacity (collectively, "City Defendants")**

William R.H. Goforth (33153)
Daniel T. Smith (36678)
Isaka R. Williams (29704)
Churita H. Hansell (25694)
Sunni J. LeBeouf (28633)
New Orleans City Attorney's Office
1300 Perdido Street, Room 5E3
New Orleans, Louisiana 70112

2. A listing of any motions pending for decision in the case, the date any motion was submitted for decision or is set for hearing, an indication whether oral argument was previously or shall be requested on the motion, and an indication whether an evidentiary hearing shall be needed on the motion:

   a) Defendant, CCS, has pending a Motion to Dismiss for Failure to State a Claim. (Doc. R. 146). The motion was submitted without oral argument.

3. The dates and times of any status conference, pretrial conference and trial set in the case, along with an indication whether case is jury or non-jury and the number of expected trial days:

   Final Pretrial Conference July 25, 2019, 4:00 pm

   Trial: August 12, 2019

   The trial is set with a jury and is estimated to last 3 to 4 days.

4. A BRIEF description of the factual and legal issues underlying the dispute;

**A. Plaintiff, Latasha Rodgers, Tutrix on Behalf of Her Minor Child:**

Plaintiff brings this action on behalf of her minor child regarding the death of his father Calvin Deal (AKA Thomas), who was diagnosed with Sickle Cell Disease and Hepatitis C. Defendants violated the decedent's Constitutional rights by (1) allowing their deputies to abandon their obligations to protect the people in their direct custody from harm. (2) having a policy, practice, or custom of intentionally suspending, or failing to provide, medication to Decedent; (3) ignoring Decedent's complaint for medical assistance, thereby allowing his severe medical crises to worsen; (4) having deficient staffing, security policies and practices, and inadequate medical treatment; (5) subjecting inmates to unreasonable uses of force against their persons; (6) selecting, retaining, and assigning employees with demonstrable propensities for excess force, violence, and negligence, and other misconduct; (7) failing to train and supervise

employees in how to properly administer medication and care for the people in their custody; and (8) condoning and encouraging officers in the belief that they can violate the rights of persons such as Decedent with impunity. Plaintiff has requested autopsy materials from the Orleans Parish Coroner's office which, once reviewed by the expert pathologist, will shed a light on the failure of the Defendants to provide adequate care. Plaintiff was advised on September 18, 2018, that the New Orleans Coroner's office is in the process of re-cutting slides to be forwarded to Plaintiff's expert.  Pursuant to Doc. [124], Plaintiff will be filing a Motion to Amend in accordance with FRCP 16(b).

### B. Defendant, CCS:

Plaintiff, on behalf of her minor son, has made a series of allegations against CCS related to care in the jail.  This court previously determined that the facts do not state a claim against CCS, and Plaintiff has filed an amended complaint.  CCS has filed a second Motion to Dismiss seeking dismissal for failure to state a claim.  CCS contends that the inmate, Calvin Deal, was treated appropriately and sent to the hospital for further additional care.

### C. Defendant, Sheriff Marlin N. Gusman:

Plaintiff, on behalf of her minor child, CJTJ, filed this suit against Sheriff Marlin Gusman and other defendants claiming that in September and October 2015, decedent, Calvin Johnson Deal was an inmate at Orleans Parish Prison where he did not receive adequate medical care for his sickle cell disease and additionally was injured by another inmate.

Sheriff Gusman denies these claims and asserts that plaintiff has no basis or evidence for these allegations which she will not be able to prove.

### D. City Defendants:

Plaintiff, on behalf of her minor son, allege that the City Defendants, because they own the Orleans Parish Prison and are responsible for funding its operation, are therefore liable for the death of Calvin James Deal, which allegedly resulted from mistreatment and failure to provide adequate medical care during his incarceration at Orleans Parish Prison. The City Defendants have produced evidence to Plaintiff showing that, at the time of Mr. Deal's death, the City was providing funding to the Prison in accordance with a federal consent decree, and that the City's funding to the Orleans Parish Sheriff actually doubled from 2013 to 2015.  The City Defendants have no information to admit or deny the allegations regarding Mr. Deal's treatment, but they deny any legal responsibility by the City Defendants, who have no authority or control over the actual operation of Orleans Parish Prison, which by law is operated by the Orleans Parish Sheriff.

5. A listing of any discovery which remains to be done:

   The parties have additional expert and factual discovery to be completed in addition to efforts to obtain physical evidence from the Orleans Parish Coroner's Office.

6. A description of the status of any settlement negotiations.

The parties attended two (2) settlement conferences with the Magistrate Judge, but the matter could not be resolved.

Respectfully submitted,

/s/ *Carol D. Powell Lexing*
Law Office of Carol D. Powell Lexing
& Associates (PLC)
2485 Tower Drive, Suite 6
Monroe, Louisiana 71201
Telephone: 318-324-0700
Facsimile: 318-324-0702
Email: legaldove2@yahoo.com
Bar Roll No. 21033
Attorney for Plaintiff

*/s/ Carl E. Hellmers, III*
CARL E. HELLMERS, III (#25705)
D. BURKE STOUGH (#36688)
Frilot LLC
1100 Poydras Street, Suite 3700
New Orleans, Louisiana 70115
Telephone: 504-599-8000
Facsimile: 504-599-8100
E-Mail: chellmers@frilot.com
bstough@frilot.com

**Counsel for Defendant, Correct Care Solutions, LLC**

*/s/ Freeman R. Matthews*
Freeman R. Matthews (#9050)
1615 Poydras Street, Suite 1250
New Orleans, LA 70012

**Counsel for Defendant, Marlin N. Gusman**

          */s/ William R.H. Goforth*
William R.H. Goforth (33153)
Daniel T. Smith (36678)
Isaka R. Williams (29704)
Churita H. Hansell (25694)
Sunni J. LeBeouf (28633)
New Orleans City Attorney's Office
1300 Perdido Street, Room 5E3
New Orleans, Louisiana 70112

**Counsel for Defendants City of New Orleans, Mayor LaToya Cantrell in her official capacity, and the New Orleans City Council in their official capacity**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served on all counsel of record by electronic means, facsimile or depositing same in the U.S. Mail, postage prepaid and properly addressed this 18th day of February 2019.

          */s/ Carl E. Hellmers, III*