# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LATASHA RODGERS** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 16-16303** |
| **MARLIN GUSMAN, et al.** | **SECTION: "G" (3)** |

## ORDER AND REASONS

In this litigation, Plaintiff Latasha Rodgers, Tutrix ("Plaintiff"), on behalf of her minor child CJTJ, alleges that Defendants Orleans Parish Prison, Orleans Parish Sheriff Marlin Gusman ("Gusman"), the City of New Orleans (the "City"), Mayor Mitch Landrieu, the New Orleans City Council, Correct Care Solutions, LLC and certain unidentified parties acting under the authority of the Orleans Parish Prison, subjected CJTJ's father ("Decedent"), a pretrial detainee at the Orleans Parish Prison, to excessive force, assaulted and battered Decedent, and acted with deliberate indifference to his medical needs, resulting in Decedent's death, in violation of his and Plaintiff's constitutional rights under the Fourth, Eighth, and Fourteenth Amendments, and Louisiana law.[1] Pending before the Court is Gusman's second "Motion for Judgment on the Pleadings Pursuant to Rule 12(c)."[2] Having considered the motion, the memoranda in support and opposition, the record, and the applicable law, the Court will deny the motion and grant Plaintiff seven days to amend the complaint.

---

[1] Rec. Doc. 143 at 1–4.

[2] Rec. Doc. 165.

1

## I. Background

*A. Factual Background*

In the second amended complaint, Plaintiff avers that on September 24, 2015, Decedent was a pretrial detainee at the Orleans Parish Prison ("OPP").[3] Plaintiff additionally avers that Decedent had been diagnosed with Sickle Cell Disease and Hepatitis C, which was "verified by OPP medical intake form."[4] Plaintiff alleges that since October 2015, Decedent had experienced leg pain and medical complications in the chest and abdomen.[5] According to Plaintiff, however, OPP failed to provide Decedent with his medication or take him to the hospital.[6] In addition, Plaintiff alleges that on October 3, 2015, Decedent was attacked and stabbed in the arm by an inmate, and on another unidentified occasion, Decedent was choked by a security guard.[7] Plaintiff avers that Decedent was not taken to the hospital on either occasion.[8]

According to Plaintiff, Decedent experienced a severe sickle cell pain crisis in his abdomen and lower extremity, chest, back, and left leg on November 11, 2015, but was not taken to the hospital until the next day on November 12, 2015.[9] While Decedent was at University Medical Center, Plaintiff avers, his condition worsened—he became diaphoretic and unresponsive, had

---

[3] Rec. Doc. 143 at 4.

[4] *Id.*

[5] *Id.*

[6] *Id.*

[7] *Id.*

[8] *Id.*

[9] *Id.*

problems breathing, and on November 15, 2015, he died.[10] Plaintiff alleges that Defendants' conduct demonstrates a "wanton disregard" for Decedent's "serious medical needs."[11]

## B. Procedural Background

Plaintiff filed a complaint on November 10, 2016.[12] On December 12, 2016, Defendant Marlin Gusman filed an answer to the complaint.[13] On February 6, 2017, the Court granted Defendant Orleans Parish Sheriff Office's motion to dismiss[14] all claims against it, filed on December 12, 2016.[15] On March 27, 2017, Defendants Mayor Mitch Landrieu and the New Orleans City Council filed a motion to dismiss.[16] On October 16, 2017, the Court denied the motion to dismiss without prejudice and granted Plaintiff leave to amend the complaint to address the deficiencies noted therein.[17]

On November 17, 2017, Plaintiff filed an amended complaint.[18] On December 5, 2017, Gusman filed a "Motion for Judgment on the Pleadings Pursuant to Rule 12(c)."[19] In the first motion to dismiss, Gusman argued that Plaintiff's assault and battery claims brought pursuant to

---

[10] *Id.*

[11] *Id.*

[12] Rec. Doc. 1.

[13] Rec. Doc. 4.

[14] Rec. Doc. 5.

[15] Rec. Doc. 7.

[16] Rec. Doc. 12.

[17] Rec. Doc. 31.

[18] Rec. Doc. 45.

[19] Rec. Doc. 52.

3

Section 1983 and Louisiana law should be dismissed because they had prescribed.[20] Plaintiff opposed the motion, acknowledging that Louisiana tort claims and the Section 1983 claims have a one-year prescriptive period and that she filed suit more than one year after the October 3, 2015 incident.[21] However, Plaintiff argued that the October 3, 2015 incident, and the other undated attack by a deputy, constitute a continuing tort for prescription purposes.[22]

On July 18, 2018, the Court denied the motion without prejudice and granted Plaintiff leave to amend the complaint to address the deficiencies noted therein.[23] The Court found that Plaintiff had pleaded no facts to show how the alleged attack by the inmate or the use of force by the security officer were of a continuous, cumulative, synergistic nature such that they ultimately culminated in Decedent's death.[24] However, because new evidence had recently been discovered that could shed light on the cause of Decedent's death and the applicability of the continuing tort doctrine, the Court found that it was not clear that Plaintiff could prove no set of facts in support of this claim.[25] Therefore, the Court granted Plaintiff leave to amend the complaint.[26]

On December 26, 2018, Plaintiff filed a second amended complaint.[27] In the second amended complaint, Plaintiff brings the following claims: (1) a wrongful death claim under 42 U.S.C. § 1983; (2) a survival claim under 42 U.S.C. § 1983; (3) a claim for deliberate indifference

---

[20] *Id*.

[21] Rec. Doc. 72-1 at 2.

[22] *Id*.

[23] Rec. Doc. 111.

[24] *Id*. at 9.

[25] *Id*. at 10.

[26] *Id*.

[27] Rec. Doc. 143.

4

under 42 U.S.C. § 1983; (4) a negligence claim under Louisiana law; and (5) an assault and battery claim under Louisiana law.[28]

On May 7, 2019, Gusman filed the instant second "Motion for Judgment on the Pleadings Pursuant to Rule 12(c)."[29] On May 28, 2019, Plaintiff filed an opposition to the motion.[30] On June 4, 2019, with leave of Court, Gusman filed a reply brief in further support of the motion.[31]

## II. Parties' Arguments

### A. *Gusman's Arguments in Support of Motion for Judgment on the Pleadings*

In the motion for judgment on the pleadings, Gusman seeks dismissal of Plaintiff's Section 1983 claims and Louisiana tort claims for assault and battery because Gusman contends those claims are untimely.[32] Gusman notes that Plaintiff contends Decedent was attacked on October 3, 2015, when he was stabbed in the arm, and on another occasion when he was chocked by a security guard.[33] Gusman asserts that these claims are time-barred because the complaint was not filed until November 10, 2016, more than one year after the alleged assault and battery occurred.[34]

Gusman notes that Louisiana's one-year prescriptive period for tort actions applies to Section 1983 claims.[35] In this case, Gusman asserts that the prescriptive period for Plaintiff to

---

[28] *Id.* at 11–16.

[29] Rec. Doc. 165.

[30] Rec. Doc. 176.

[31] Rec. Doc. 183.

[32] Rec. Doc. 165-1 at 4. The instant motion is not directed at Plaintiff's claim of deliberate indifference to Decedent's medical condition.

[33] *Id.* at 2.

[34] *Id.* at 3.

[35] *Id.* at 4 (citing *Burge v. Parish of St. Tammany*, 996 F.2d 786 (5th Cir. 1993)).

5

bring the Section 1983 and Louisiana tort law claims for assault and battery began to accrue on October 3, 2015.[36] Because Plaintiff does not claim that the alleged attack by the inmate or the use of force by the security guard contributed to Decedent's death, Gusman argues that there is no continuing tort which would extend the prescriptive period for the assault and battery claim.[37] Accordingly, Gusman asserts that the Section 1983 and Louisiana state law claims for the assault and battery should be dismissed because these claims have prescribed.[38]

Additionally, Gusman contends that Plaintiff has not articulated any "continuous acts or conduct," which was "continuous, cumulative and synergistic" to support a claim under the continuing tort doctrine.[39] Despite having the opportunity to amend the complaint, Gusman asserts that Plaintiff has not alleged that anything other than a single battery occurred in this matter, and does not allege that the battery continued beyond October 2015.[40] Therefore, Gusman argues that the facts alleged by Plaintiff do not support an extension of the prescriptive date based upon the continuous tort theory.[41] Accordingly, Gusman asserts that the Section 1983 and Louisiana state law claims for the assault and battery should be dismissed because these claims have prescribed.[42]

---

[36] *Id.*

[37] *Id.*

[38] *Id.* at 4.

[39] *Id.* at 5.

[40] *Id.*

[41] *Id.*

[42] *Id.*

### B. Plaintiff's Arguments in Opposition to Gusman's Motion

In response to Gusman's motion, Plaintiff asserts she had two years to file suit under Louisiana Civil Code article 3493.10, providing that "[d]elictual actions which arise due to damages sustained as a result of an act defined as a crime of violence . . . are subject to a liberative prescription of two years."[43] Plaintiff contends that Louisiana law defines aggravated battery and aggravated assault as crimes of violence.[44] Plaintiff asserts that the OPP officers committed aggravated assault and aggravated battery upon Decedent "in that he was choked in the elevator by a Sheriff's deputy, and that deputy allowed other inmates to commit an aggravated assault and aggravated battery on him when they were ordered to stab him with a knife; and to beat and throw urine on him."[45] Therefore, Plaintiff argues that the Section 1983 and Louisiana state law claims for the assault and battery have not prescribed because the case was filed within two years of the alleged assault and battery.[46]

Alternatively, Plaintiff argues that the continuing tort doctrine applies because Decedent was repeatedly assaulted and battered by OPP deputies or inmates.[47] Therefore, Plaintiff asserts that prescription did not begin to run until Decedent's death.[48]

---

[43] Rec. Doc. 176-1 at 4–5 (quoting La. Civ. Code art. 3493.10).

[44] *Id*. at 6.

[45] *Id*.

[46] *Id*.

[47] *Id*. at 7.

[48] *Id*.

Finally, Plaintiff argues that prescription was suspended under the doctrine of *contra non velentem* because the cause of action was not known or reasonably known by Plaintiff.[49] Plaintiff asserts that she did not receive discovery from Gusman until after the second amended complaint was filed, and she was not privy to information regarding Decedent's assault and battery until after she received the discovery.[50] Therefore, Plaintiff contends that the Section 1983 and Louisiana state law claims for the assault and battery should not be dismissed.[51]

## C.   *Gusman's Arguments in Further Support of Motion for Judgment on the Pleadings*

In the reply brief, Gusman argues that the opposition to the motion is based on facts that were not alleged in the second amended complaint.[52] Gusman notes that nowhere in the second amended complaint did Plaintiff allege that Decedent was stabbed, that urine was thrown at him, or that Decedent was the victim of an aggravated assault or battery.[53] Gusman contends that Plaintiff's failure to plead these facts, despite being provided two opportunities to amended the complaint, "is further evidence of [] Plaintiff's inability to state any facts against [Gusman] which entitles her to relief."[54] Gusman asserts that courts may not consider facts asserted in a memorandum opposing a motion to dismiss, which were not raised in the pleadings.[55] Because the pleadings do not reference any aggravated battery or weapon used against Plaintiff, Gusman argues

---

[49] *Id.* at 8.

[50] *Id.*

[51] *Id.* at 9.

[52] Rec. Doc. 183 at 1.

[53] *Id.*

[54] *Id.* at 2.

[55] *Id.*

8

that this Court should not consider the "facts" alleged only now in her opposition for purposes of this motion.[56] Furthermore, Gusman contends that it is indisputable that simply assault or battery is not considered a crime of violence, and is not subject to the two year prescriptive period.[57]

Finally, Gusman asserts that Plaintiff's argument of a suspension of prescription based upon the theory of *contra non valentem* is without merit.[58] Gusman notes that Plaintiff suggests that she could not have learned about the battery until she received discovery from Gusman, but Plaintiff raised the battery claim in the original complaint.[59] Therefore, Gusman argues that the Section 1983 and Louisiana state law claims for the assault and battery should be dismissed because these claims have prescribed.[60]

### **III. Legal Standard**

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."[61] "A motion brought pursuant to [Rule] 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts."[62] "The central issue is whether, in the light most favorable to the

---

[56] *Id.* at 3.

[57] *Id.*

[58] *Id.*

[59] *Id.*

[60] *Id.*

[61] Fed. R. Civ. P. 12(c).

[62] *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir.2002) (internal citations omitted).

9

plaintiff, the complaint states a valid claim for relief."[63] On a 12(c) motion, "[p]leadings should be construed liberally," and judgment is "appropriate only if there are no disputed issues of fact and only questions of law remain."[64] Moreover, the Court "may dismiss a claim when it is clear that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief."[65] In lieu of dismissal on a motion for judgement on the pleadings, a district court may grant a plaintiff leave to amend the complaint.[66]

## **IV. Analysis**

This is the second time that Gusman has moved for judgment on the pleadings arguing that Plaintiff's assault and battery claims brought pursuant to Section 1983 and Louisiana law are prescribed. In response to Gusman's motion, Plaintiff asserts she had two years to file suit under Louisiana Civil Code article 3493.10, providing that "[d]elictual actions which arise due to damages sustained as a result of an act defined as a crime of violence . . . are subject to a liberative prescription of two years."[67] Plaintiff asserts that the OPP officers committed aggravated assault and aggravated battery upon Decedent "in that he was choked in the elevator by a Sheriff's deputy, and that deputy allowed other inmates to commit an aggravated assault and aggravated battery on him when they were ordered to stab him with a knife; and to beat and throw urine on him."[68] In the reply brief, Gusman argues that the opposition to the motion is based on facts that were not

---

[63] *Id.* (internal citations omitted).

[64] *Id.* (internal citations omitted).

[65] *Id.*

[66] *Dueling v. Devon Energy Corp.*, 623 F. App'x 127 (5th Cir. 2015).

[67] Rec. Doc. 176-1 at 4–5 (quoting La. Civ. Code art. 3493.10).

[68] *Id.* at 6.

10

alleged in the second amended complaint.[69] Gusman notes that nowhere in the second amended complaint did Plaintiff allege that Decedent was stabbed, that urine was thrown at him, or that Decedent was the victim of an aggravated assault or battery.[70]

Federal courts must apply state statutes of limitations to claims brought under 42 U.S.C. § 1983.[71] "Although federal courts look to federal law to determine when a civil rights action accrues, state law supplies the applicable limitations period and tolling provisions."[72] A Section 1983 action generally accrues when a plaintiff "knows or has reason to know of the injury which is the basis of the action."[73] When presented with a state law claim, "federal courts apply state statutes of limitations and related state law governing tolling of the limitation period."[74]

"[U]nder Louisiana jurisprudence, prescriptive statutes are to be strictly construed against prescription and in favor of the obligation sought to be extinguished; of two possible constructions, that which favors maintaining, as opposed to barring, an action should be adopted.[75] Ordinarily, the defendant bears the burden of showing that an action has prescribed.[76] "If prescription is

---

[69] Rec. Doc. 183 at 1.

[70] *Id.*

[71] *See Burge v. Parish of St. Tammany*, 996 F.2d 786, 788 (5th Cir. 1993).

[72] *Harris v. Hegmann*, 198 F.3d 153, 156–57 (5th Cir. 1999).

[73] *Jackson v. Johnson*, 950 F.2d 263, 265 (5th Cir. 1992) (quoting *Burrell v. Newsome*, 883 F.2d 416, 418 (5th Cir. 1989)).

[74] *Hensgens v. Deere & Co.*, 869 F.2d 879, 880 (5th Cir. 1989).

[75] *Bustamento*, 607 So. 2d at 537.

[76] *Albe v. City of New Orleans*, 2014-0186 (La. App. 4 Cir. 9/17/14), 150 So. 3d 361, 366, writ denied, 2014-2166 (La. 12/8/14), 153 So. 3d 445 (citing *Spott v. Otis Elevator Co.*, 601 So. 2d 1355, 1361 (La.1992)).

evident on the face of the pleadings, however, the burden shifts to the plaintiff to show that the action has not prescribed."[77]

Louisiana Civil Code article 3492 states, "Delictual actions are subject to a liberative prescription of one year." However, pursuant to Louisiana Civil Code article 3493.10, "[d]elictual actions which arise due to damages sustained as a result of an act defined as a crime of violence under [Louisiana Revised Statute § 14:2] are subject to a liberative prescription of two years."[78] Louisiana Revised Statute § 14:2 lists aggravated battery and aggravated assault as crimes of violence. Louisiana law defines an assault as "an attempt to commit a battery, or the intentional placing of another in reasonable apprehension of receiving a battery."[79] Battery is "the intentional use of force or violence upon the person of another, or the intentional administration of a poison or other noxious liquid or substance to another."[80] Aggravated battery and aggravated assault require the use of a "dangerous weapon."[81] A knife is considered a dangerous weapon under Louisiana law.[82]

In opposition to the motion for Judgment on the pleadings, Plaintiff asserts that the OPP officers committed aggravated assault and aggravated battery upon Decedent "in that he was choked in the elevator by a Sheriff's deputy, and that deputy allowed other inmates to commit an

---

[77] *Id.* (citing *Williams v. Sewerage & Water Bd. of New Orleans*, No. 92–C–1688 (La. 1/19/93), 611 So. 2d 1383, 1386).

[78] Rec. Doc. 176-1 at 4–5 (quoting La. Civ. Code art. 3493.10).

[79] La. Rev. Stat. Ann. § 14:36.

[80] La. Rev. Stat. Ann. § 14:33.

[81] "Aggravated assault is an assault committed with a dangerous weapon." La. Rev. Stat. Ann. § 14:34. "Aggravated battery is a battery committed with a dangerous weapon." *Id.* § 14:37.7

[82] *State v. McGill*, 50-994 (La. App. 2 Cir. 1/11/17), 213 So. 3d 1181, 1189.

aggravated assault and aggravated battery on him when they were ordered to stab him with a knife; and to beat and throw urine on him."[83] This allegation would support a claim of aggravated assault or battery. However, this allegation is not raised in any of the pleadings.

A properly pleaded complaint must give "fair notice of what the claim is and the grounds upon which it rests."[84] Accordingly, the Fifth Circuit has stated that "district courts do not abuse their discretion when they disregard claims or theories of liability not present in the complaint and raised first in a motion opposing summary judgment."[85]

The Fifth Circuit has also found that "[g]enerally, a new claim or legal theory raised in response to a dispositive motion should be construed as a request for leave to amend the complaint, and the district court should determine whether leave should be granted."[86] "New *factual allegations*, however, need not be so construed unless the plaintiff explicitly requests leave to amend and expresses the grounds upon which the amendment is sought with particularity."[87]

Here, Plaintiff did not explicitly request leave to amend or express the grounds upon which the amendment is sought. Nevertheless, the Court will consider whether leave to amend should be granted.

During a hearing conducted on December 19, 2018, the Court granted Plaintiff seven days to amend the complaint, and the deadline to file amendments to pleadings was not further extended

---

[83] Rec. Doc. 176-1 at 6.

[84] *De Franceschi v. BAC Home Loans Servicing*, 477 F. App'x 200, 204 (5th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 698–99, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)).

[85] *Id.*

[86] *Pierce v. Hearne Indep. Sch. Dist.*, 600 F. App'x 194, 200 (5th Cir. 2015) (citing *Stover v. Hattiesburg Pub. Sch. Dist.*, 549 F.3d 985, 989 n. 2 (5th Cir. 2008)).

[87] *Id.* at 200 n. 6 (citing *United States ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 387 (5th Cir. 2003) (emphasis in original)).

by the Court's January 4, 2019 Scheduling Order.[88] Plaintiff's opposition to the instant motion for judgment on the pleadings was not filed until May 28, 2019.[89] The decision to grant or deny leave to amend a complaint lies within the discretion of the district court.[90] Federal Rule of Civil Procedure 16(b) governs the amendment of pleadings after the scheduling order's deadline to amend has expired.[91] Rule 16(b) provides that once a scheduling order has been entered, it "may be modified only for good cause and with the judge's consent."[92] "The good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'"[93] As the Fifth Circuit has explained, the four factors bearing on good cause in the context of untimely motions to amend pleadings are: (1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice.[94]

Plaintiff asserts that she did not receive discovery from Gusman until after the second amended complaint was filed, and she was not privy to information regarding Decedent's assault

---

[88] Rec. Docs. 142, 144.

[89] Rec. Doc. 176.

[90] *Little v. Liquid Air Corp.*, 952 F.2d 841, 845 (5th Cir. 1992).

[91] *Fahim v. Marriott Hotel Services, Inc.*, 551 F.3d 344, 348 (5th Cir. 2008); *S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 536 (5th Cir. 2003).

[92] Fed. R. Civ. P. 16(b)(4).

[93] *Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003) (quoting *S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 535 (5th Cir. 2003); 6A Charles Alan Wright et al., Federal Practice and Procedure § 1522.1 (2d ed. 1990)).

[94] *Sw. Bell Tel. Co.*, 346 F.3d at 546 (quoting *S&W Enters.*, 315 F.3d at 536)).

and battery until after she received the discovery.[95] Accordingly, the Court finds Plaintiff has demonstrated good cause to amend the Court's Scheduling Order to allow Plaintiff to file a third amended complaint to add allegations regarding the alleged aggravated assault and battery, which would not be barred by the statute of limitations.[96]

Accordingly,

**IT IS HEREBY ORDERED** that Gusman's "Motion for Judgment on the Pleadings Pursuant to Rule 12(c)"[97] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff is granted leave to amend the complaint within seven days of this Order to include allegations regarding the alleged aggravated assault and battery.

**NEW ORLEANS, LOUISIANA,** this 17th day of June, 2019.

                                          **NANNETTE JOLIVETTE BROWN**
                                          **CHIEF JUDGE**
                                          **UNITED STATES DISTRICT COURT**

---

[95] Rec. Doc. 176-1 at 8.

[96] Because the Court finds that Plaintiff's claims regarding aggravated assault and battery are not barred by the statute of limitations, it need not address Plaintiff's arguments regarding applicability of the continuing tort doctrine or the doctrine of *contra non velenum*.

[97] Rec. Doc. 165.