# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LATASHA RODGERS** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 16-16303** |
| **MARLIN GUSMAN, et al.** | **SECTION: "G" (3)** |

## ORDER AND REASONS

In this litigation, Plaintiff Latasha Rodgers, Tutrix ("Plaintiff"), on behalf of her minor child CJTJ, alleges that Defendants Orleans Parish Prison, Orleans Parish Sheriff Marlin Gusman ("Gusman"), the City of New Orleans (the "City"), Mayor Mitch Landrieu, the New Orleans City Council, Correct Care Solutions, LLC ("CCS") and certain unidentified parties acting under the authority of the Orleans Parish Prison, subjected CJTJ's father ("Decedent"), a pretrial detainee at the Orleans Parish Prison, to excessive force, assaulted and battered Decedent, and acted with deliberate indifference to his medical needs, resulting in Decedent's death, in violation of his and Plaintiff's constitutional rights under the Fourth, Eighth, and Fourteenth Amendments, and Louisiana law.[1] Pending before the Court is Gusman's third "Motion for Summary Judgment."[2] Having considered the motion, the memoranda in support and opposition, the record, and the applicable law, the Court will deny the motion.

---

[1] Rec. Doc. 143 at 1–4.

[2] Rec. Doc. 211.

1

## I. Background

*A.    Factual Background*

In the second amended complaint, Plaintiff avers that on September 24, 2015, Decedent was a pretrial detainee at the Orleans Parish Prison ("OPP").[3] Plaintiff additionally avers that Decedent had been diagnosed with Sickle Cell Disease and Hepatitis C, which was "verified by OPP medical intake form."[4] Plaintiff alleges that since October 2015, Decedent had experienced leg pain and medical complications in the chest and abdomen.[5] According to Plaintiff, however, OPP failed to provide Decedent with his medication or take him to the hospital.[6] In addition, Plaintiff alleges that on October 3, 2015, Decedent was attacked and stabbed in the arm by an inmate, and on another unidentified occasion, Decedent was choked by a security guard.[7] Plaintiff avers that Decedent was not taken to the hospital on either occasion.[8]

According to Plaintiff, Decedent experienced a severe sickle cell pain crisis in his abdomen and lower extremity, chest, back, and left leg on November 11, 2015, but was not taken to the hospital until the next day on November 12, 2015.[9] While Decedent was at University Medical Center, Plaintiff avers, his condition worsened—he became diaphoretic and unresponsive, had

---

[3] Rec. Doc. 143 at 4.

[4] *Id.*

[5] *Id.*

[6] *Id.*

[7] *Id.*

[8] *Id.*

[9] *Id.*

problems breathing, and on November 15, 2015, he died.[10] Plaintiff alleges that Defendants' conduct demonstrates a "wanton disregard" for Decedent's "serious medical needs."[11]

B.  *Procedural Background*

Plaintiff filed a complaint on November 10, 2016.[12] On December 12, 2016, Defendant Marlin Gusman filed an answer to the complaint.[13] On February 6, 2017, the Court granted Defendant Orleans Parish Sheriff Office's motion to dismiss.[14] On March 27, 2017, Defendants Mayor Mitch Landrieu and the New Orleans City Council filed a motion to dismiss.[15] On October 16, 2017, the Court denied the motion to dismiss without prejudice and granted Plaintiff leave to amend the complaint to address the deficiencies noted therein.[16]

On November 17, 2017, Plaintiff filed an amended complaint.[17] On July 18, 2018, the Court denied CCS's motion to dismiss without prejudice and granted Plaintiff leave to amend the complaint to address the deficiencies noted therein.[18] On July 18, 2018, the Court also denied Gusman's motion for judgment on the pleadings without prejudice and granted Plaintiff leave to amend the complaint to address the deficiencies noted therein.[19] Also on July 18, 2018, the Court

---

[10] *Id.*

[11] *Id.*

[12] Rec. Doc. 1.

[13] Rec. Doc. 4.

[14] Rec. Doc. 5.

[15] Rec. Doc. 12.

[16] Rec. Doc. 31.

[17] Rec. Doc. 45.

[18] Rec. Doc. 110.

[19] Rec. Doc. 111.

dismissed both CCS and Gusman's motions for summary judgment without prejudice, with leave to refile if necessary.[20]

On December 26, 2018, Plaintiff filed a second amended complaint.[21] In the second amended complaint, Plaintiff brings the following claims: (1) a wrongful death claim under 42 U.S.C. § 1983; (2) a survival claim under 42 U.S.C. § 1983; (3) a claim for deliberate indifference under 42 U.S.C. § 1983; (4) a negligence claim under Louisiana law; and (5) an assault and battery claim under Louisiana law.[22]

On January 9, 2019, CCS filed a motion to dismiss the second amended complaint.[23] On April 29, 2019, the Court granted the motion in part and dismissed the Section 1983 claims pending against CCS.[24] The Court denied the motion to the extent it sought dismissal of Plaintiff's negligence claims pending against CCS.[25]

On May 7, 2019, Gusman filed a second motion for judgment on the pleadings.[26] On June 17, 2019, the Court denied the motion and granted Plaintiff leave to file an amended complaint to include allegations regarding alleged aggravated assault and battery, which were raised in

---

[20] Rec. Doc. 112.

[21] Rec. Doc. 143.

[22] *Id.* at 11–16.

[23] Rec. Doc. 146.

[24] Rec. Doc. 163 at 23.

[25] *Id.*

[26] Rec. Doc. 165.

opposition to the motion for judgment on the pleadings but not in the pleadings, and would not be barred by the statute of limitations.[27] On June 24, 2019, Plaintiff filed a third amended complaint.[28]

On June 25, 2019, Gusman filed the instant Motion for Summary Judgment.[29] On July 9, 2019, Plaintiff filed an opposition to the motion.[30] Also on July 9, 2019, Plaintiff filed an objection to the Affidavit of Michael Laughlin, which Gusman relies upon in support of the Motion for Summary Judgment.[31] On July 16, 2019, with leave of Court, Gusman filed a reply brief in further support of the motion.[32]

## II. Parties' Arguments

### A. *Gusman's Arguments in Support of the Motion for Summary Judgment*

In the instant motion for summary judgment, Gusman seeks dismissal of Plaintiff's Section 1983 claims and Louisiana tort claims for assault and battery because Gusman contends those claims are untimely.[33] Gusman asserts that summary judgment is appropriate because Plaintiff is

---

[27] Rec. Doc. 201. In opposition to the motion for judgment on the pleadings, Plaintiff represented to the Court that she did not become aware of the evidence supporting an aggravated battery until after the Second Amended Complaint was filed, when she obtained discovery from Gusman. Rec. Doc. 176-1 at 8. However, this assertion does not appear to be accurate because many of the medical records upon which Plaintiff now relies to establish the aggravated battery were filed into the record before the Second Amended Complaint was filed. *See, e.g.,* Exhibits Attached to Rec. Doc. 51. Nevertheless, the Court finds that the decision to allow Plaintiff to amend the complaint to include allegations of aggravated assault and battery was appropriate, especially considering that Plaintiff raised the fact that Decedent was stabbed in the original complaint. Rec. Doc. 1 at 4.

[28] Rec. Doc. 210.

[29] Rec. Doc. 211.

[30] Rec. Doc. 228.

[31] Rec. Doc. 226. Plaintiff filed the objection as a separate motion to strike the affidavit. On July 16, 2019, the Court converted the motion to strike into an objection and stated that it would consider the objection when ruling on the motion for summary judgment. Rec. Doc. 248.

[32] Rec. Doc. 245.

[33] Rec. Doc. 211-1 at 5. The instant motion is not directed at Plaintiff's claim of deliberate indifference to Decedent's medical condition.

5

unable to produce any admissible evidence to support her allegation that Decedent was the victim of an aggravated battery, and these claims are prescribed under Louisiana law.[34]

Gusman contends that Plaintiff's sole evidentiary support for her allegation that an aggravated battery occurred is a self-serving affidavit, wherein Plaintiff attests that "on October 3, 2015, she spoke with [Decedent] by phone who advised he was attacked and choked in the elevator by an Orleans Parish deputy, who subsequently ordered an inmate to beat and stab him, and that he was beaten and stabbed in the arm with a knife."[35] Gusman asserts that this statement is hearsay and are not based on Plaintiff's personal knowledge.[36] Therefore, Gusman argues that the affidavit cannot be considered on summary judgment.[37]

In support of the motion, Gusman presents an affidavit of Chief Michael Laughlin ("Laughlin"), Chief of Investigations for the Orleans Parish Sheriff's Office and the custodian of all investigative records.[38] Laughlin attests that no records, complaints, or reports of an aggravated battery of Decedent exist in the custody of the Orleans Parish Sheriff's Office.[39] Furthermore, Gusman asserts that Laughlin's affidavit is admissible under Rules 803(6) and 803(7) of the Federal Rules of Evidence.[40]

---

[34] *Id*. at 6.

[35] *Id*. at 5, 7.

[36] *Id*. at 7.

[37] *Id*.

[38] *Id*. at 5.

[39] *Id*.

[40] *Id*. at 9.

Because Plaintiff is unable to produce any admissible evidence to support her allegation that an aggravated battery occurred, Gusman argues that Plaintiff's claims related to the alleged battery are subject to the one-year prescriptive period for tort actions, not the two-year prescriptive period applicable to tort claims related to crimes of violence, including aggravated battery.[41] Accordingly, because Plaintiff did not file this suit until November 10, 2016, more than one year after the alleged assault and battery, Gusman contends that Plaintiff's claims related to the alleged assault and battery have prescribed.[42]

Finally, Gusman asserts that Plaintiff's argument regarding suspension of prescription based upon a theory of *contra non valentem* is without merit because Plaintiff's affidavit indicates that she knew about the alleged battery in October 2015.[43] Accordingly, Gusman argues that there are no material facts in dispute and the Court should grant summary judgment as to Plaintiff's Section 1983 claim and state law claim regarding the alleged assault and battery.[44]

### B. *Plaintiff's Arguments in Opposition to Gusman's Motion for Summary Judgment*

In response to Gusman's motion, Plaintiff asserts summary judgment is not appropriate because there are material facts in dispute concerning the assault and battery of Decedent.[45] Plaintiff relies upon her affidavit, wherein she attests that she spoke to Decedent by phone on October 3, 2015, and he told Plaintiff that "he was attacked and choked in the elevator by an Orleans Parish deputy, who subsequently ordered an inmate to beat and stab him, and that he was

---

[41] *Id*. at 10.

[42] *Id*.

[43] *Id*. at 11.

[44] *Id*.

[45] Rec. Doc. 228-1 at 4.

7

beaten and stabbed in the arm with a knife."[46] Plaintiff asserts that Decedent's statements are admissible under Federal Rule of Evidence 803(3) because they relate to Decedent's state of mind at the time the statements were made.[47] Additionally, Plaintiff argues that Gusman waived his objection to the affidavit by not challenging the affidavit when Plaintiff attached it to the opposition to Gusman's second motion for judgment on the pleadings.[48]

Next, Plaintiff asserts that Laughlin's affidavit is not admissible under Rule 803(6) or Rule 803(7) of the Federal Rules of Evidence because the affidavit is not trustworthy.[49] In support of this assertion, Plaintiff points to Reports of the Federal Monitor, which were created as a result of a Consent Judgment entered by the Orleans Parish Sheriff's Office.[50] Plaintiff points to the reports to show that there were "[u]nacceptable and under-reported levels of inmate/inmate violence" at OPP.[51] Therefore, Plaintiff argues that Laughlin's affidavit, stating that there are no records of any aggravated battery involving Decedent, is not trustworthy.[52]

Finally, Plaintiff asserts that medical records indicate that Decedent's chief complaints when he was treated by a physician on October 3, 2015 were a left wrist laceration and lower lip laceration.[53] Plaintiff also points to another medical record dated October 3, 2015, which states that Decedent "had a stab wound to [sic] left wrist on Tuesday with unknown object and has

---

[46] *Id.* at 3.

[47] *Id.* at 4.

[48] *Id.*

[49] *Id.*; Rec. Doc. 226-1 at 9.

[50] Rec. Doc. 226-1 at 3–8.

[51] *Id.* at 3.

[52] *Id.* at 9.

[53] Rec. Doc. 228-1 at 5 (citing Rec. Doc. 228-2 at 153).

8

persisted with pain and redness to this site since."[54] Therefore, Plaintiff argues that there are disputed issues of material fact precluding summary judgment.[55]

## C. *Gusman's Arguments in Further Support of the Motion for Summary Judgment*

In the reply brief, Gusman argues that Plaintiff has not produced any evidence to overcome summary judgment.[56] First, Gusman contends that Plaintiff's argument that Gusman waived any objection to Plaintiff's affidavit by not raising it in the reply brief on the motion for judgment on the pleadings is unavailing.[57] Gusman asserts that it was not necessary to object to the affidavit when it was filed in response to motion for judgment on the pleadings because Rule 12(c) motions are based only on the pleadings.[58] Furthermore, Gusman asserts that the statements made in the affidavit are hearsay, and do not fall under Rule 803(3) because the statements do not reference Decedent's "then existing mental or emotional condition" and are being offered solely to prove the truth of the matter asserted.[59] Therefore, Gusman contends that the Court should not consider Plaintiff's affidavit in ruling on the motion for summary judgment.[60]

Next, Gusman argues that Laughlin's affidavit fits squarely within the hearsay exceptions set forth in Rules 803(6) and 803(7) of the Federal Rules of Evidence.[61] Gusman asserts that the Consent Judgment entered by the Orleans Parish Sheriff's Office deemed that the Reports of the

---

[54] Rec. Doc. 228-3 at 1 (citing Rec. Doc. 228-2 at 12).

[55] Rec. Doc. 228-1 at 5.

[56] Rec. Doc. 245 at 1.

[57] *Id*.

[58] *Id*.

[59] *Id*. at 2.

[60] *Id*.

[61] *Id*. at 3.

9

Federal Monitor are inadmissible in any other proceeding.[62] Therefore, Gusman contends that Plaintiff cannot rely on the Monitor's Reports to defend against summary judgment.[63] Finally, "[e]ven ignoring Chief Laughlin's affidavit," Gusman argues that summary judgment should be granted because Plaintiff has presented "nothing other than self-serving hearsay statements" of Decedent to show that Decedent was the victim of an aggravated battery.[64]

### III. Legal Standard

*A.     Legal Standard on a Motion for Summary Judgment*

Summary judgment is appropriate when the pleadings, the discovery, and any affidavits show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[65] When assessing whether a dispute as to any material fact exists, the court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence."[66] All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment."[67] If the record, as a whole, "could not lead a rational trier of fact to find for the non-moving party,"

---

[62] *Id.*

[63] *Id.*; Rec. Doc. 226-1 at 9.

[64] *Id.* at 4.

[65] Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

[66] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008).

[67] *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *Little*, 37 F.3d at 1075.

then no genuine issue of fact exists, and the moving party is entitled to judgment as a matter of law.[68]

"[A] nonmoving party is not entitled to rest on his pleadings, but must carry his burden of providing evidence of a genuine issue of material fact."[69] "That burden can be met by depositions, answers to interrogatories and admissions on file and affidavits."[70] The Fifth Circuit has "repeatedly held that self-serving affidavits, without more, will not defeat a motion for summary judgment."[71] However, a nonmovant's deposition testimony is often considered by a court in recognizing that a genuine issue of material fact exists, which precludes summary judgment.[72]

The party seeking summary judgment always bears the initial responsibility of informing the Court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact.[73] Thereafter, the nonmoving party should "identify specific evidence in the record, and articulate" precisely how that evidence supports his claims.[74] To withstand a motion for summary judgment, the nonmoving party must show that there is a genuine issue for trial by presenting evidence of specific facts.[75] The

---

[68] *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

[69] *King v. Chide*, 974 F.2d 653, 656 (5th Cir. 1992) (citing *Reese v. Anderson*, 926 F.2d 494, 499 (5th Cir. 1991)); *see also Celotex*, 477 U.S. at 325; *see also Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).

[70] *Id.* (citing Fed. R. Civ. P. 56(c)).

[71] *Tyler v. Cedar Hill Indep. Sch. Dist.*, 426 Fed.Appx. 306, 307 (5th Cir. 2011) (per curiam) (citing *DirectTV, Inc. v. Budden*, 420 F.3d 521, 531 (5th Cir. 2005); *United State v. Lawrence*, 276 F.3d 193, 197 (5th Cir. 2001)).

[72] *See, e.g., Vetter v. Frosch*, 599 F.2d 630 (5th Cir. 1979); *see also, e.g., King*, 974 F.2d at 656 (5th Cir. 1992).

[73] *Celotex*, 477 U.S. at 323.

[74] *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir.), *cert. denied*, 513 U.S. 871 (1994).

[75] *Bellard v. Gautreaux*, 675 F.3d 454, 460 (5th Cir. 2012) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1996)).

nonmovant's burden of demonstrating a genuine issue of material fact is not satisfied merely by creating "some metaphysical doubt as to the material facts," "by conclusory allegations," by "unsubstantiated assertions," or "by only a scintilla of evidence."[76] Rather, a factual dispute precludes a grant of summary judgment only if the evidence is sufficient to permit a reasonable trier of fact to find for the nonmoving party. Hearsay evidence and unsworn documents that cannot be presented in a form that would be admissible in evidence at trial do not qualify as competent opposing evidence.[77]

## B.    *Legal Standard on Prescription*

Federal courts must apply state statutes of limitations to claims brought under 42 U.S.C. § 1983.[78] "Although federal courts look to federal law to determine when a civil rights action accrues, state law supplies the applicable limitations period and tolling provisions."[79] A Section 1983 action generally accrues when a plaintiff "knows or has reason to know of the injury which is the basis of the action."[80] When presented with a state law claim, "federal courts apply state statutes of limitations and related state law governing tolling of the limitation period."[81]

"[U]nder Louisiana jurisprudence, prescriptive statutes are to be strictly construed against prescription and in favor of the obligation sought to be extinguished; of two possible constructions,

---

[76] *Little*, 37 F.3d at 1075.

[77] Fed. R. Civ. P. 56(c)(2); *Martin v. John W. Stone Oil Distrib., Inc.*, 819 F.2d 547, 549 (5th Cir. 1987).

[78] *See Burge v. Parish of St. Tammany*, 996 F.2d 786, 788 (5th Cir. 1993).

[79] *Harris v. Hegmann*, 198 F.3d 153, 156–57 (5th Cir. 1999).

[80] *Jackson v. Johnson*, 950 F.2d 263, 265 (5th Cir. 1992) (quoting *Burrell v. Newsome*, 883 F.2d 416, 418 (5th Cir. 1989)).

[81] *Hensgens v. Deere & Co.*, 869 F.2d 879, 880 (5th Cir. 1989).

that which favors maintaining, as opposed to barring, an action should be adopted.[82] Ordinarily, the defendant bears the burden of showing that an action has prescribed.[83] "If prescription is evident on the face of the pleadings, however, the burden shifts to the plaintiff to show that the action has not prescribed."[84]

Louisiana Civil Code article 3492 states, "Delictual actions are subject to a liberative prescription of one year." However, pursuant to Louisiana Civil Code article 3493.10, "[d]elictual actions which arise due to damages sustained as a result of an act defined as a crime of violence under [Louisiana Revised Statute § 14:2] are subject to a liberative prescription of two years."[85] Louisiana Revised Statute § 14:2 lists aggravated battery and aggravated assault as crimes of violence. Louisiana law defines an assault as "an attempt to commit a battery, or the intentional placing of another in reasonable apprehension of receiving a battery."[86] Battery is "the intentional use of force or violence upon the person of another, or the intentional administration of a poison or other noxious liquid or substance to another."[87] Aggravated battery and aggravated assault require the use of a "dangerous weapon."[88]

---

[82] *Bustamento*, 607 So. 2d at 537.

[83] *Albe v. City of New Orleans*, 2014-0186 (La. App. 4 Cir. 9/17/14), 150 So. 3d 361, 366, writ denied, 2014-2166 (La. 12/8/14), 153 So. 3d 445 (citing *Spott v. Otis Elevator Co.*, 601 So. 2d 1355, 1361 (La.1992)).

[84] *Id.* (citing *Williams v. Sewerage & Water Bd. of New Orleans*, No. 92–C–1688 (La. 1/19/93), 611 So. 2d 1383, 1386).

[85] Rec. Doc. 176-1 at 4–5 (quoting La. Civ. Code art. 3493.10).

[86] La. Rev. Stat. Ann. § 14:36.

[87] La. Rev. Stat. Ann. § 14:33.

[88] "Aggravated assault is an assault committed with a dangerous weapon." La. Rev. Stat. Ann. § 14:37. "Aggravated battery is a battery committed with a dangerous weapon." *Id.* § 14:34.

## IV. Analysis

Gusman asserts that summary judgment is appropriate because Plaintiff is unable to produce any admissible evidence to support her allegation that Decedent was the victim of an aggravated battery, and these claims are prescribed under Louisiana law.[89] In response to Gusman's motion, Plaintiff asserts summary judgment is not appropriate because there are material facts in dispute concerning the assault and battery of Decedent.[90] As an initial matter, the parties vigorously dispute the admissibility of certain affidavits. Accordingly, the Court will address this issue before turning to the merits of Gusman's argument that the assault and battery claims have prescribed.

### A. *Objections to Evidence*

As an initial matter, the parties vigorously dispute the admissibility of certain affidavits. Pursuant to Federal Rule of Civil Procedure 56(c)(2), on a motion for summary judgment, a party "may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence."[91] According to the comments following the revised rule:

> Subdivision (c)(2) provides that a party may object that material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence. The objection functions much as an objection at trial, adjusted to the pretrial setting. The burden is on the proponent to show that the material is admissible as presented or to explain the admissible form that is anticipated…[92]

Gusman objects to Plaintiff's May 28, 2019 affidavit, wherein she "attests that on October 3, 2015, she spoke with [Decedent] by phone who advised that he was attacked and choked in the

---

[89] Rec. Doc. 211-1 at 6.

[90] Rec. Doc. 228-1 at 4.

[91] Fed. R. Civ. P. 56(c)(2).

[92] *Id.*

elevator by an Orleans Parish deputy, who subsequently ordered an inmate to beat and stab him, and that he was beaten and stabbed in the arm with a knife."[93] Gusman asserts that this statement is inadmissible hearsay.[94] Federal Rule of Evidence 801(c) defines hearsay as "a statement that the declarant does not make while testifying at the current trial or hearing; and a party offers in evidence to prove the truth of the matter asserted in the statement." In response, Plaintiff asserts that Decedent's statements are admissible under Federal Rule of Evidence 803(3) because they relate to Decedent's state of mind at the time the statements were made.[95] Plaintiff also argues that Gusman waived any objection to the affidavit by not raising it when Plaintiff attached the affidavit to the opposition to Gusman's motion for judgment on the pleadings.[96] "A motion brought pursuant to [Rule] 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts."[97] The Court did not consider evidence in deciding the motion for judgment on the pleadings. Therefore, Gusman was not required to include an objection to the evidence, and the Court finds this argument unavailing.

Plaintiff also argues that the affidavit is admissible under Federal Rule of Evidence 803(3).[98] Rule 803(3) "by its own terms excepts from the ban on hearsay such statements as might have been made by [the declarant] of his then existing state of mind or emotion [or physical

---

[93] Rec. Doc. 176-2 at 1.

[94] Rec. Doc. 211-1 at 7.

[95] Rec. Doc. 228-1 at 4.

[96] *Id.*

[97] *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir.2002) (internal citations omitted).

[98] *Id.*

15

condition], but expressly excludes from the operation of the rule a statement of belief to prove the fact believed."[99] "The rule thus permitted the witnesses to relate any out-of-court statements [the Declarant] had made to them to the effect that he was scared, anxious, sad, or in any other state reflecting his then existing mental or emotional condition."[100] "[T]he state-of-mind exception does not permit the witness to relate any of the declarant's statements as to why he held the particular state of mind, or what he might have believed that would have induced the state of mind."[101] The statements of Declarant that Plaintiff attempts to present clearly does not fall under this exception. Plaintiff does not reference a statement of Decedent of his then existing mental, emotional, or physical condition. Instead, Plaintiff states only that Decedent was beaten and stabbed with a knife. Therefore, Plaintiff clearly presents these statements to show what Decedent believed induced his physical condition—the alleged beating and stabbing. Therefore, Plaintiff has not met her burden of establishing that this statement is admissible, and the Court will not consider it in deciding the instant motion.

Plaintiff objects to the June 25, 2019 affidavit of Michael Laughlin, the Chief of Investigations for the Orleans Parish Sheriff's Office, wherein he attests that he is the custodian of all investigative records for the Sheriff's Office; there are no records, complaints, or reports involving an aggravated battery of Decedent; and these statements are based upon his review of business records kept in the ordinary course of business at the Orleans Parish Sheriff's Office.[102] Plaintiff argues that these statements are not admissible under the hearsay exceptions set forth at

---

[99] *United States v. Cohen*, 631 F.2d 1223, 1225 (5th Cir. 1980); *see also* Fed. R. Evid. 803(3).

[100] *Id.*

[101] *Id.*

[102] Rec. Doc. 211-6 at 1.

16

Rule 803(6) and Rule 803(7) of the Federal Rules of Evidence because the statements are not trustworthy.[103]

Under Rule 803(7), evidence showing the absence of a record kept in the regular course of business is admissible if:

> (A) the evidence is admitted to prove that the matter did not occur or exist;
> (B) a record was regularly kept for a matter of that kind; and
> (C) the opponent does not show that the possible source of the information or other circumstances indicate a lack of trustworthiness.

Plaintiff argues that Laughlin's statement that there are no records, complaints, or reports involving an aggravated battery of Decedent is untrustworthy because Reports of a Federal Monitor, which were created as a result of a Consent Judgment entered by the Orleans Parish Sheriff's Office, show that there were "[u]nacceptable and under-reported levels of inmate/inmate violence" at OPP.[104] Even assuming that the Report of the Federal Monitor is itself admissible, Plaintiff has not shown how this report would make Laughlin's statement untrustworthy. Even accepting as true the assertion that unreported violence was prevalent within OPP, this does not make Laughlin's statement that there are no records of an aggravated battery on Decedent untrustworthy. Accordingly, the Court finds that Laughlin's affidavit is admissible.

### B.    *Summary Judgment*

Gusman asserts that summary judgment is appropriate because Plaintiff is unable to produce any admissible evidence to support her allegation that Decedent was the victim of an

---

[103] Rec. Doc. 226-1 at 3–8.

[104] *Id.* at 3.

aggravated battery, and these claims are prescribed under Louisiana law.[105] However, Gusman ignores the medical records relied upon by Plaintiff.[106]

Plaintiff presents a record from University Medical Center dated October 3, 2015, which states that Decedent's chief complaints were a left wrist laceration and lower lip laceration.[107] Another entry dated October 3, 2015, states that Decedent "had a stab wound to [sic] left wrist on Tuesday with unknown object and has persisted with pain and redness to this site since."[108] Another entry from October 3, 2015, indicates that Decedent presented "with a laceration to the arm (self-inflicted vs from assault?)."[109] An entry dated October 4, 2015 at 12:15 a.m., states that Decedent "was assaulted on Tuesday in his cell sustaining a puncture wound to left volar wrist. The next day, he noted redness around wound; he alerted staff at prison but no action taken. . . . Today, he was assaulted again sustaining 3 punches to his lower face."[110] In the third amended complaint, Plaintiff also cites a report prepared by CCS on October 6, 2015, which states that Decedent believed "he was targeted by staff" and he "voice[d] concerns about safety from inmates and deputy."[111]

Aggravated battery and aggravated assault require the use of a "dangerous weapon."[112] Louisiana Revised Statute § 14:2 defines a dangerous weapon as "any gas, liquid or other substance

---

[105] Rec. Doc. 211-1 at 6.

[106] Gusman does not challenge the admissibility of the medical records.

[107] Rec. Doc. 228-2 at 153.

[108] *Id.* at 12.

[109] *Id.* at 10.

[110] *Id.* at 24.

[111] Rec. Doc. 210 at 13 (citing Rec. Doc. 186-9 at 9).

[112] "Aggravated assault is an assault committed with a dangerous weapon." La. Rev. Stat. Ann. § 14:37.

18

or instrumentality, which, in the manner used, is calculated or likely to produce death or great bodily harm." A knife is considered a dangerous weapon under Louisiana law.[113] Furthermore, "[a]n instrumentality may be a 'dangerous weapon' not solely because of the inherent danger it poses, but also because the instrumentality is used in a manner likely to result in death or grave bodily harm."[114] The issue of "[w]hether an instrument is dangerous because of its use is a question of fact for the jury to decide.[115]

Plaintiff has presented evidence showing that Decedent had a laceration to his left wrist and lower lip when he was admitted to University Medical Center on October 3, 2015. The medical records also indicate that Decedent was stabbed with an unknown object. By contrast, other portions of the medical records question whether the laceration to Decedent's left wrist was self-inflicted or the result of an assault. Additionally, Gusman presents Laughlin's affidavit, wherein he attests that the Orleans Parish Sheriff's Office has no records, complaints, or reports involving an aggravated battery of Decedent.[116] Therefore, there is clearly an issue of material fact regarding whether Decedent was the victim of an assault or battery, and whether the assault or battery was committed with a dangerous weapon. As discussed above, an instrumentality used in a manner likely to result in death or grave bodily harm is a dangerous weapon under Louisiana law. The issue of whether the alleged unknown object was dangerous because of its use is also a question

---

"Aggravated battery is a battery committed with a dangerous weapon." *Id.* § 14:34.

[113] *State v. McGill*, 50-994 (La. App. 2 Cir. 1/11/17); 213 So. 3d 1181, 1189.

[114] *State v. Rainey*, 98-436 (La. App. 5 Cir. 11/25/98); 722 So. 2d 1097, 1102 (citing La. Rec. Stat. Ann. § 14:2; *State v. Bonier*, 367 So. 2d 824 (La. 1979)).

[115] *State v. Williams*, 15-498 (La. App. 3 Cir. 12/9/15); 181 So. 3d 857, 862 (citing *State v. Catlin*, 09–220 (La. App. 3 Cir. 11/4/09), 24 So. 3d 264).

[116] Rec. Doc. 211-6 at 1.

of fact that must be left for the jury. The Complaint was filed within two years of these alleged events, and if a jury finds that Decedent was the victim of an aggravated battery, the two-year prescriptive period found at Louisiana Civil Code article 3493.10 would apply. Accordingly, the Court finds that there are genuine issues of material fact in dispute precluding summary judgment.

### IV. Conclusion

Based on the foregoing, the Court finds that there are genuine issues of material fact in dispute precluding summary judgment on the issue of whether Plaintiff's aggravated assault and battery claims are prescribed. Accordingly,

**IT IS HEREBY ORDERED** that Gusman's third Motion for Summary Judgment.[117] is **DENIED**.

**NEW ORLEANS, LOUISIANA**, this 24th day of July, 2019.

    _____
    **NANNETTE JOLIVETTE BROWN**
    **CHIEF JUDGE**
    **UNITED STATES DISTRICT COURT**

---

[117] Rec. Doc. 211.